CHARLES F. SCHOEPFLIN, Respondent, *v.* MICHAEL J. COFFEY, Appellant.

1. LIBEL — QUESTION OF INSUFFICIENCY OF COMPLAINT CANNOT BE RAISED FOR FIRST TIME ON APPEAL. *It seems,* that a complaint which, after stating slanderous words alleged to have been spoken by the defendant in the presence of certain reporters, alleges that "*thereby*" the defendant caused such statements to be printed and published, and which contains no direct allegation that he caused them to be printed and published, does not allege a cause of action against him for libel; but as the question of its insufficiency was not presented by any proper objection or exception in the court below, it cannot be raised for the first time in the Court of Appeals.

2. SPEAKING WORDS WHICH ANOTHER PUBLISHES. The mere speaking of words in the presence of third persons that are not actionable *per se* and which at most would amount to a mere slander, even if special damages were alleged, is not the proximate cause of an injury alleged to have been sustained by their subsequent publication in newspapers by such persons when he who utters them, in no manner procured, requested, commanded or induced their printing, and he cannot be made responsible therefor in an action for libel.

3. EVIDENCE — SUFFICIENCY TO SHOW CONNECTION WITH PUBLICATION OF LIBEL. Where the evidence in an action for libel, at most, only establishes that a person whom defendant knew to be a reporter asked him as to a report which was in circulation concerning the matters alleged in the complaint, stating that he understood that defendant had asserted the facts which were subsequently published, and the latter admitted having done so, there being no proof that the latter's statement was made for publication, nothing having been said on the subject, and there being other evidence tending to show that defendant did not intend that it should be published and had no design to procure its publication, the refusal of the trial court to grant a nonsuit or to direct a verdict for

defendant is reversible error, upon the ground that the proof was insufficient to establish a cause of action against him for libel.

4. RECORD ON APPEAL. - The Court of Appeals is confined to and controlled by the record on appeal and cannot correct even an obvious error, contained in an exception appearing upon a record, which, if imperfect, should have been corrected by the appellant. ·

5. SUFFICIENCY OF EVIDENCE. A mere conjecture or suspicion that defendant in an action for libel communicated slanderous statements to another, for the purpose of their publication, is not enough to authorize the submission of the question as one of fact to a jury, since a mere scintilla of evidence is not sufficient.

6. EVIDENCE OF PLAINTIFF'S CONSENT TO PUBLICATION OF LIBEL. Upon the trial of an action for libel, an exception by defendant to the striking out of evidence received without objection, that the alleged libelous articles were printed and published with plaintiff's consent, is well taken, as defendant was entitled to have it retained in the case and considered by the jury.

7. CAUSE OF ACTION — PENAL CODE, § 254a. An action framed as one for libel, but which cannot be maintained as such, cannot be sustained as an action under section 254a of the Penal Code, declaring that one who willfully makes to an employee of a publisher of a newspaper a statement concerning any person, which if published therein would be a libel, is guilty of a misdemeanor.

*Schoepflin* v. *Coffey*, 25 App. Div. 438, reversed.

(Argued January 24, 1900; decided February 27, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered February 21, 1898, affirming a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John Cunneen* for appellant. The defendant's motion to dismiss the complaint at the beginning of the trial should have been granted, as the complaint alleged no cause of action. (*Laidlaw* v. *Sage*, 158 N. Y. 73; *Ward* v. *Weeks*, 7 Bing. 211; *Olmsted* v. *Brown*, 12 Barb. 657; *Bassell* v. *Elmore*, 48 N. Y. 564; *Fowles* v. *Bowen*, 30 N. Y. 20; *Terwilliger* v. *Wands*, 17 N. Y. 57; *Raines* v. *N. Y. P. Co.*, 92 Hun, 515.) There was no amendment of the pleadings upon the

trial, and the learned judge erred in submitting the action to the jury as one of libel, as there was no allegation in the complaint that the plaintiff had published the article complained of. (*Stevens* v. *Mayer*, 84 N. Y. 296 ; *Arnold* v. *Angell*, 62 N. Y. 508 ; *Hollister* v. *Englehart*, 11 Hun, 446.) One is not liable for the consequences of his own wrong caused by the act of another, even though the original wrongdoer "intended and expected and contemplated" such result. (*Robertson* v. *N. Y. P. Co.*, 2 App. Div. 49.)

*Norris Morey* for respondent. There was a cause of action for libel stated in the complaint and proved by the evidence. (*Fowles* v. *Bowen*, 30 N. Y. 20 ; *Titus* v. *Sumner*, 44 N. Y. 266 ; *Turton* v. *N. Y. R. Co.*, 144 N. Y. 144 ; *Moore* v. *Francis*, 121 N. Y. 199 ; *Mattice* v. *Wilcox*, 147 N. Y. 624 ; Townshend on Slander & Libel, §§ 180, 181 ; *Hamilton* v. *Eno*, 81 N. Y. 116 ; *Johnson* v. *Synett*, 89 Hun, 192 ; *Shelby* v. *S. P. & P. Assn.*, 38 Hun, 474 ; *Morey* v. *M. J. Assn.*, 123 N. Y. 207.) The allegation of the complaint, that the defendant originated and furnished the libel and caused its publication, is the legal equivalent of an allegation that he published it. What one causes to be done by or through another is done by himself. (*Thomas* v. *Rumsey*, 6 Johns. 26 ; *Dole* v. *Lyon*, 10 Johns. 447 ; *Hamilton* v. *Eno*, 81 N. Y. 116 ; *Youmans* v. *Smith*, 153 N. Y. 214 ; Odgers on Libel & Slander, 155, 157 ; Townshend on Libel & Slander, §§ 104, 115 ; *Clay* v. *People*, 86 Ill. 147 ; *Miller* v. *Butler*, 6 Cush. 71 ; *Loibel* v. *Breidenbach*, 78 Wis. 49 ; *Adams* v. *Kelly*, R. & M. 157 ; *Bond* v. *Douglass*, 7 C. & P. 626.) The falsity of the libel was presumed, and no evidence thereof was required. (*Hunt* v. *Bennett*, 19 N. Y. 173 ; *Klinck* v. *Colby*, 46 N. Y. 427 ; *Byam* v. *Collins*, 111 N. Y. 150 ; *Bergmann* v. *Jones*, 94 N. Y. 51 ; *Warner* v. *P. P. Co.*, 132 N. Y. 181 ; *Holmes* v. *Jones*, 147 N. Y. 59 ; *Smith* v. *Matthews*, 152 N. Y. 152 ; *Karwowski* v. *Pitass*, 20 App. Div. 118.) The question as to whether the libel was wantonly, carelessly, recklessly, maliciously, or in bad faith caused to be published by the

defendant, and whether the plaintiff was entitled to punitive damages, was wholly and peculiarly a question for the jury. (*Byam* v. *Collins,* 111 N. Y. 150; *Holmes* v. *Jones,* 121 N. Y. 467; *Smith* v. *Matthews,* 152 N. Y. 152.)

MARTIN, J.  This action was for both slander and libel. The complaint contains five counts.  The first and fifth are for libel and the remainder for slander.  Upon the trial the court held that the complaint did not state a cause of action for slander, as the words alleged were not actionable *per se* and no special damages were averred.  From this determination no appeal was taken.  The case was, however, submitted to the jury as an action for the libel charged in the first and fifth counts of the complaint.

These counts in substance charge that on the fifteenth day of May, 1895, at Albany, the defendant maliciously spoke and published concerning the plaintiff the false and defamatory words following: " An indictment has been issued against Schoepflin (meaning this plaintiff) by the grand jury of Albany county in connection with Campbell's ice bill, and a warrant is out for his arrest;" " I know that an indictment has been found against Schoepflin (meaning this plaintiff) by the grand jury in connection with Campbell's ice bill, from the best authority in the world; I would gamble on it," meaning and declaring thereby that he knew the grand jury of Albany county had found an indictment against the plaintiff, who was then a member of the legislature, for corrupt and criminal conduct in connection with a bill which had been introduced and was pending in the assembly; that such statements were made in the presence of G. Edward Graham, and in the presence of G. Edward Graham and Lewis J. Seabold; and that Graham was the manager of the Associated Press at Albany, and Seabold was a reporter and news-gatherer for the New York World.  It then averred, " and thereby defendant caused said false and defamatory statement to be printed and published in most of the daily newspapers of the state of New York and in the said New York World."

The first question argued was whether the complaint alleged
a cause of action against the defendant for libel.  It is to be
observed that after stating the slanderous words which were
alleged to have been spoken in the presence of Graham and
Seabold, and the fact that they were reporters, the plaintiff
alleges that *thereby* the defendant caused those statements to
be printed and published.  The complaint contains no direct
allegation that the defendant caused them to be printed and
published, but after stating certain premises which included
the speaking of the words in the presence of the reporter and
manager of the Associated Press, it is averred as a conclusion
from the preceding allegations, but not as a fact, that the
defendant thereby caused the statements to be printed and
published.  Obviously, the word "thereby" was used in the
sense of by that means, or in consequence of the preceding
allegations, and, hence, the averment was of a conclusion as
to the effect or result of the facts previously alleged.  If they
were untrue, the plaintiff could not be convicted of perjury
for falsely alleging and verifying an averment that the defend-
ant caused the statements made by him to be printed and pub-
lished, as he made no such allegations, but merely stated his
deduction from the preceding facts.  Obviously the com-
plaint contains no sufficient allegation that the defendant
caused the printing or publication of the words spoken, to
constitute a cause of action against him for libel.

We have, however, searched the record in vain to find any
proper objection or exception which enables the defendant
upon this appeal to avail himself of the insufficiency of the
complaint.  To raise that question it was necessary that an
objection to its sufficiency should have been taken, and the
ground upon which it was claimed to be insufficient should
have been brought to the attention of the court.  It is not a
fatal objection on appeal that the cause was tried outside the
pleadings in the absence of some specific objection to that
course.  Parties may, if they so elect, depart from the issues
made by the pleadings and try other questions relating to
the merits of the controversy by consent or acquiescence.

(*Farmers' L. & T. Co.* v. *Housatonic R. R. Co.*, 152 N. Y. 251.)   As the question of the sufficiency of the complaint was not properly raised in the court below, it cannot be raised here for the first time.

The next question presented is whether the proof was sufficient to justify the court in submitting to the jury the question whether the defendant caused or procured the publication of the alleged libel. In discussing this question, we shall assume that a person who requests, procures or directs another to publish a libel, or connives at or assists in its publication, is liable therefor. But to justify a jury in finding a defendant liable for such publication, there must be some evidence that it was procured by him, or that he was guilty of some affirmative act which secured or induced it. The mere speaking of words in the presence of third persons that are not actionable *per se* would at most amount to a mere slander, even if special damages were alleged, and their repetition or the printing and publication of them by the independent act of a third party, would not render the person speaking them responsible therefor.

It is too well settled to be now questioned that one who utters a slander, or prints and publishes a libel, is not responsible for its voluntary and unjustifiable repetition, without his authority or request, by others over whom he has no control and who thereby make themselves liable to the person injured, and that such repetition cannot be considered in law a necessary, natural and probable consequence of the original slander or libel. (Newall on Defamation, 245; Moak's Underhill on Torts, 145; *M'Gregor* v. *Thwaites*, 3 B. & C. 35.) The remedy in such a case would be against the party who printed and published the words thus spoken, and not against the one speaking them, as a person is not liable for the independent illegal acts of third persons in publishing matters which may have been uttered by him, unless they are procured by him to be' published, or he performed some act which induced their publication. ( *Ward* v. *Weeks*, 7 Bing. 211; *Olmsted* v. *Brown*, 12 Barb. 657.) The repetition of defamatory

3

language by another than the first publisher is not a natural consequence of the first publication, and, therefore, the loss resulting from such repetition is not generally attributable to the first publisher. This rule is based upon the principle that every person who repeats a slander is responsible for the damage caused by such repetition, and that such damage is not the proximate and natural consequence of the first publication of the slander. (*Bassell* v. *Elmore*, 48 N. Y. 564; *Fowles* v. *Bowen*, 30 N. Y. 20; *Terwilliger* v. *Wands*, 17 N. Y. 57, 58; *Laidlaw* v. *Sage*, 158 N. Y. 73.)

In the latter case the question of proximate cause was considered, and it was held that it was applicable to actions of tort, and that the proximate cause of an event was that which in a natural and continuous sequence, unbroken by any new cause, produces the event complained of, and without which it would not have occurred. Applying the principle of those cases to the question under consideration, it becomes obvious that the speaking of the words by the defendant was not the proximate cause of the injury the plaintiff sustained by reason of their publication in the various newspapers of the state. We have examined the case of *Youmans* v. *Smith* (153 N. Y. 214), which is so firmly relied upon by the plaintiff, but do not find any principle decided there which is in conflict with the doctrine already stated. There the person who ordered the matter printed informed the printer that he desired it for the purpose of circulation. Under those circumstances it was held that the printer was liable.

The record in this case seems to be entirely barren of proof that the defendant in any way procured, requested, commanded or induced the printing of the matters set forth in the complaint. The most that was established was that a person whom the defendant knew to be a reporter asked him as to a report which was in circulation concerning the matters alleged in the complaint, stating that he understood the defendant had asserted the facts, which were subsequently published, and the latter admitted having done so. There is, however, no proof that his statement was made for publication, but, on

the contrary, the proof was that nothing was said upon the subject. There is also other evidence of the defendant which tends to show that he did not intend that it should be published and had no design to procure its publication. We are of the opinion that the court erred in denying the defendant's motion for a nonsuit, and in not directing a verdict for him upon the ground that the proof was insufficient to constitute a cause of action against him for libel.

On the trial the learned judge charged the jury to the effect that the plaintiff had testified that the defendant admitted that he made the statements alleged *for* publication by the Associated Press, and submitted that supposed evidence to it upon the question as to the defendant's having procured the publication of the articles complained of. No such evidence is contained in the record. It is manifest from the opinion of the Appellate Division that it found no such proof. To this portion of the charge the defendant excepted. The exception, as printed in the record, is apparently meaningless. That the appellant is right in his contention that the words "denial" and "indictment" therein were not the words used in taking the exception, but that "effect" and "admission" were those employed there can be little doubt. The respondent, while claiming that the exception must be considered as it is printed in the record, does not deny that these errors exist. Still, as we are confined to, and must be controlled by, the record, which, if imperfect, should have been corrected by the appellant, those errors in the charge are not before us, although they were considered by the court below. We cannot, however, assent to the conclusion of that court upon the question. .

It seems doubtful if the trial court would have submitted the case to the jury except for its misapprehension as to the admission of the defendant, as without that supposed evidence the proof was insufficient to permit a legitimate inference by the jury that the communication by the defendant was made for the purpose of its publication by the Associated Press. It may be conjectured or suspected that he thought it

might be published, but that was not sufficient to make him liable. It is not enough to authorize the submission of a question as one of fact, to a jury, that there is a scintilla of evidence or a mere surmise, and where the jury, at most, could only conjecture that the act was performed by the defendant for that purpose it should be withheld from it. " Insufficient evidence is, in the eye of the law, no evidence." " The law demands proof, and not mere surmises." (*Baulec* v. *N. Y. & H. R. R. Co.*, 59 N. Y. 356, 366; *Pollock* v. *Pollock*, 71 N. Y. 137, 153; *Bond* v. *Smith*, 113 N. Y. 378, 385; *Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 75 N. Y. 330; *Dubois* v. *City of Kingston*, 102 N. Y. 219; *Pauley* v. *S. G. & L. Co.*, 131 N. Y. 90, 98.)

Proof was given upon the trial which tended to show that the articles printed and published in the several newspapers were sent out by the manager of the Associated Press with the consent and by the authority of the plaintiff. After this evidence had been received without objection, it was stricken out by the court and the defendant excepted. If the plaintiff consented to or authorized the publication complained of, he cannot recover for any injury sustained by reason of the publication he authorized. We think the defendant was entitled to have this evidence retained in the case and considered by the jury, and that his exception to the action of the court in striking it out was well taken.

The learned Appellate Division held, and the respondent still insists, that, even if this action cannot be maintained as an action for libel, it may be sustained as an action under section 254a of the Penal Code. That section provides : " Any person who willfully states, delivers or transmits by any means whatever to any manager, editor, publisher, reporter or other employee of a publisher of any newspaper, magazine, publication, periodical or serial any statement concerning any person or corporation which, if published therein, would be a libel, is guilty of a misdemeanor." The answer to this proposition is that no such action was stated in the complaint or intended by the plaintiff. If we were to assume that the prohibition

of this statute conferred upon a person against whom a libel was directed, authority to bring an action for the wrong prohibited, still, it would be quite remarkable if the plaintiff could commence an action for a cause which exists by virtue of the common law, and recover upon an entirely different one existing, if at all, under the statute. We think the judgment cannot be sustained upon that ground.

The judgment should be reversed and a new trial granted, with costs to abide the event.

VANN, J. I concur in the result because the defendant was entitled to have the evidence, tending to show that the article in question was sent out by the manager of the Associated Press with the consent of the plaintiff, retained in the record and considered by the jury. I dissent from the conclusion that the evidence, which tended to show that the defendant uttered the injurious words to a newspaper reporter, in response to questions put by him, when he knew him to be a reporter, and, although acquainted with him for years, had never conversed with him except as a collector of news for publication, presented no question for the jury as to whether he intended to cause or promote the publication of the words spoken under the circumstances mentioned.

PARKER, Ch. J., GRAY, BARTLETT, CULLEN and WERNER, JJ., concur with MARTIN, J., and VANN, J., concurs in result in memorandum.

Judgment reversed, etc.