### WALTER v. SYRACUSE RAPID TRANSIT RY. CO.

(Supreme Court, Appellate Division, Fourth Department. May 5, 1903.)

1. TRIAL—NONSUIT—INSUFFICIENCY OF EVIDENCE—INCREDIBILITY.

The court is justified in nonsuiting a plaintiff, although there is slight evidence to support his position, where such evidence is incredible and averse to well-known physical laws.

Williams, J., dissenting.

Appeal from Trial Term, Onondaga County.

Action by Charles Walter against the Syracuse Rapid Transit Railway Company. From a judgment of nonsuit, dismissing plaintiff's complaint, plaintiff appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

John H. McCrahon, for appellant.
Charles E. Spencer, for respondent.

SPRING, J. The evidence in this case is substantially the same as when considered by this court upon a former appeal. 64 App. Div. 150, 71 N. Y. Supp. 853. There is some slight evidence to sustain the position of the plaintiff. The way the accident is described to have occurred, however, is so incredible and so averse to well-known physical laws that we think the trial court was justified in taking the case from the jury. The case of McDonald v. Metropolitan Street R. Co., 167 N. Y. 66, 60 N. E. 282, is no barrier to such a course. The doctrine there enunciated, as we apprehend it, did not overthrow the well-settled principle that where there is a mere scintilla of evidence, or the testimony is improbable, the trial court is not expected to leave it for the jury to wrestle with. Schoepflin v. Coffey, 162 N. Y. 12, 25, 26, 56 N. E. 502; Fealey v. Bull, 163 N. Y. 397, 57 N. E. 631; Hudson v. R., W. & O. R. Co., 145 N. Y. 408, 40 N. E. 8.

The weight of the evidence, as ordinarily understood, is not for the court, but for the jury, to consider. This rule emanates from the underlying principle of our jurisprudence, that the solution of

questions of fact is committed to the jury, not to the court. By the reiteration of that principle in the McDonald Case, it was not intended to take from the trial court the power and the duty to dispose of the case where the testimony presented on behalf of the plaintiff is too unlikely to be credited, or where his testimony is so overwhelmingly outweighed by the whole evidence of the case as to make it beyond belief. This case comes within those exceptions. The judgment and order should be affirmed, with costs to the respondent.

Judgment and order affirmed, with costs to the respondent.

ADAMS, P. J., and McLENNAN, J., concur. WILLIAMS, J., dissents. HISCOCK, J., not voting.