CHARLES WALTERS, Appellant, *v.* SYRACUSE RAPID TRANSIT RAILWAY COMPANY, Respondent.

*Negligence — when the complaint may be dismissed by the court.*

The doctrine announced in *McDonald* v. *Metropolitan Street R. Co.* (167 N. Y. 66) was not intended to take from the justice, presiding at the trial of an action to recover damages for personal injuries sustained by the plaintiff through the alleged negligence of the defendant, the power and the duty to dismiss the complaint where the testimony presented on behalf of the plaintiff is too unlikely to be credited or where his testimony is so overwhelmingly outweighed by the whole evidence as to make it beyond belief.

WILLIAMS, J., dissented.

APPEAL by the plaintiff, Charles Walters, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Onondaga on the 22d day of October, 1902, upon the dismissal of the complaint by direction of the court after a trial at the Onondaga Trial Term.

The action was brought to recover damages for personal injuries sustained by the plaintiff through the alleged negligence of the defendant.

*Jonh H. McCrahon,* for the appellant.

*Charles E. Spencer,* for the respondent.

SPRING, J.:

The evidence in this case is substantially the same as when considered by this court upon a former appeal (64 App. Div. 150). There is some slight evidence to sustain the position of the plaintiff. The way the accident is described to have occurred, however, is so incredible and so averse to well-known physical laws that we think the trial court was justified in taking the case from the jury. The case of *McDonald* v. *Metropolitan Street R. Co.* (167 N. Y. 66) is no barrier to such a course. The doctrine there enunciated as we apprehend it did not overthrow the well-settled principle that where there is a mere scintilla of evidence or the testimony is improbable the trial court is not expected to leave it for the jury to wrestle with. (*Schoepflin* v. *Coffey,* 162 N. Y. 12, 20; *Fealey* v. *Bull,* 163 id. 397; *Hudson* v. *R., W. & O. R. R. Co.,* 145 id. 408.)

The weight of the evidence, as ordinarily understood, is not for the court, but for the jury to consider. This rule emanates from the underlying principle of our jurisprudence that the solution of questions of fact is committed to the jury, not to the court. By the reiteration of that principle in the *McDonald* case it was not intended to take from the trial court the power and the duty to dispose of the case where the testimony presented on behalf of the plaintiff is too unlikely to be credited or where his testimony is so overwhelmingly outweighed by the whole evidence of the case as to make it beyond belief. This case comes within those exceptions.

The judgment and order should be affirmed, with costs to the respondent.

ADAMS, P. J., and McLENNAN, J., concurred; WILLIAMS, J., dissented; HISCOCK, J., not voting.

Judgment and order affirmed, with costs.