The respondent argues that the exception did not sufficiently point out the precise point sought to be raised, but that it in fact indicated that the court had simply submitted the question whether the direction of the foreman excused the plaintiff from any imputation of negligence, as one of fact. This argument is specious. We think the exception was sufficiently definite to cover whatever the court said in submitting the question referred to to the jury; and the charge that the directions received from the defendant's foreman, if they were in fact received, relieved the plaintiff from any imputation of negligence, is clearly error. In directing the plaintiff as to the manner of placing his ladder, the foreman was not discharging any duty which the master owed to him, but was directing him solely as to a detail of the work; and in doing this he was a fellow servant, because this case is controlled by the rule laid down in Crispin v. Babbitt, 81 N. Y. 516, 37 Am. Rep. 521, that the character of the act, and not the grade of the service, determines the liability of a master in a case where the immediate act or omission is that of a servant. This is not a case where the servant has a right to rely upon the greater knowledge of a superior in respect to some latent or hidden defect. The danger of resting his ladder against a rail upon which loaded trucks were frequently passing was as obvious to him as to the foreman. The case of Cullen v. Norton, 126 N. Y. 1, 26 N. E. 905, is directly in point, as being a case where the negligence complained of was that of a foreman in directing the plaintiff where he should work. Other cases in point are Loughlin v. State of New York, 105 N. Y. 159, 11 N. E. 371; Perry v. Rogers, 157 N. Y. 251, 51 N. E. 1021; Madigan v. Oceanic Steam Navigation Co., 178 N. Y. 242, 70 N. E. 785. A charge that the direction of the foreman as to a simple matter like the placing of a ladder, where the situation was perfectly apparent, excused the plaintiff from any imputation of negligence, as matter of law, clearly violated this rule, settled by these and many other decisions of this state, because, in effect, it made the master responsible for the negligence of fellow servants.

These conclusions make examination of the other questions raised by the appellant unnecessary, and require a reversal.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur. ·

---

(46 Misc. Rep. 133.)

GUTKES v. NEW YORK PRODUCE EXCH. et al.

(Supreme Court, Special Term, Kings County. January, 1905.)

1. LIBEL—COMPLAINT.

Where an action is brought against an exchange and certain individual defendants, stating a cause of action against the exchange for publishing a written notice prohibiting plaintiff from representation on the floor of the exchange, but there is no allegation that the individual defendants requested or procured the notice to be posted, it does not show the act of the exchange to be that of the individual defendants, making them liable in an action for libel.

2. SAME—COMPLAINT—SUFFICIENCY.

 A complaint alleging that defendant produce exchange posted a notice denying plaintiff representation on the floor of the exchange, and stating that any member of the exchange who should transact business for plaintiff would be deemed guilty of violation of the by-laws, etc., but not alleging that the notice conveyed any meaning not apparent on its face, did not state a cause of action for libel; the notice not being defamatory per se.

Action by August H. Gutkes against the New York Produce Exchange and others. On demurrers to the complaint. Demurrers sustained.

J. S. Ross, for plaintiff.

Albert E. Blackmar and Alfred Opdyke, for defendants.

GAYNOR, J. Leaving out all adjectives and hard words, and summarizing much verbiage, the complaint alleges that the defendant corporation, The New York Produce Exchange, posted on its bulletin board in its building where merchants and traders congregate to do business, the following written notice concerning the plaintiff, a produce merchant, viz.:

"Pursuant to the provisions of Section 36 of the by-laws, A. H. Gutkes of 90 Van Dyck Street, Brooklyn, is prohibited representation on the floor of the exchange during the pleasure of the Board of Managers.

"Any member of the Exchange who shall with knowledge of such prohibition, represent or transact business for or on behalf of said A. H. Gutkes after this notice shall have been posted during five days, shall be deemed guilty of willful violation of the by-laws, and subject to the penalties prescribed in Section 36."

It then alleges that the said defendant posted such notice because the individual defendants represented to it that the plaintiff refused to pay them "all obligations claimed to be due by plaintiff" to them, and that the individual defendants thereby intended to brand the plaintiff as a person who did not pay his debts, and to impute to him insolvency, and prevent him from trading on credit.

The individual defendants demur on two grounds, first, that two causes of action have been improperly united, and second, that the complaint does not state facts sufficient to constitute a cause of action. The defendant corporation demurs on the second ground only.

1. The complaint states two causes of action, i. e., one against the defendant corporation for publishing the written notice, and one against the individual defendants for what they stated to the corporation. There is no allegation that they requested or procured the notice to be posted. If the defendant corporation did it because of what the individual defendants stated to it, that does not make the posting their act, any more than any other action the corporation might have taken on such information would be theirs. Nor is the publisher of a slander or libel liable for its repetition by another.

2. No cause of action is alleged against the defendant corporation. The notice posted is not necessarily defamatory. It does not charge the plaintiff with insolvency or failure to pay his debts, or with anything. It could have been posted for other reasons. The

meaning the said defendant intended to convey, or the charge it intended to make against the plaintiff, is not alleged. If the notice conveyed a defamatory meaning, the plaintiff should have alleged that meaning. It is a familiar rule of pleading that where words are susceptible of different meanings, one or more of them not defamatory, the complaint must single out and allege the meaning complained of. Smid v. Bernard, 31 Misc. Rep. 35, 63 N. Y. Supp. 278; Taylor v. Wallace, 31 Misc. Rep. 393, 64 N. Y. Supp. 271.

The claim that the complaint is also insufficient for not stating the "falsity" of the alleged defamatory matter is not good. That is not a necessary allegation. Hunt v. Bennett, 19 N. Y. 176. Indeed, as no meaning is given by the plaintiff, an allegation of falsity would have been meaningless. But that is aside from the case.

Both demurrers are sustained.