LINCOLN G. VALENTINE, Plaintiff, *v.* ALFREDO GONZALEZ, Defendant.

(Supreme Court, New York Special Term, November, 1919.)

Libel — when defendant not liable for publishing — when motion to vacate an order of arrest granted — slander.

Where in an action for a newspaper libel brought by a resident of the city of New York having large property interests in the republic of Costa Rica the only fact in dispute is whether the defendant, the expelled president of said republic, had requested the publication of a letter written by him to the chairman of the committee on foreign affairs of the United States senate, a portion of which was the libel complained of, the letter in full being set forth as a portion of an entire article printed in the New York *Herald,* both the defendant and the newspaper reporter who interviewed him swear that he did not request such publication, it must be taken, for the purposes of a motion to vacate an order for defendant's arrest, that he did not.

Where there is nothing to show that defendant procured the alleged libelous matter to be published or did anything which

induced its publication other than the mere act of furnishing information to one known to be a reporter, the remedy of the plaintiff is against those who, as their own independent act, printed and published the alleged libel, and defendant's motion to vacate the order of arrest will be granted.

MOTION to vacate order of arrest.

James L. Putnam (John L. Putnam and Charles B. Brophy, of counsel), for motion.

Jerome, Rand & Kresel (William Rand and Samuel Ecker, of counsel), opposed.

GIEGERICH, J.    The defendant makes this motion to vacate an order of arrest procured against him by the plaintiff.    The plaintiff, although a resident of the city of New York, has large property interests in the republic of Costa Rica.    The defendant is a resident of the republic of Costa Rica, and on or about the 8th day of May, 1914, he entered upon his term of office as president of that country, and continued in the exercise of his duties until on or about the 27th day of January, 1917, when the Costa Rican minister of war started a revolution and expelled him, since which time he has sojourned in the United States.    On November 18, 1918, an article was published in the New York *Herald,* a portion of which article the plaintiff claims is a libel against him, and which he further claims was written by the defendant and published as aforesaid at the defendant's request.    The matter complained of was a portion of a letter written by the defendant to the chairman of the committee on foreign affairs of the United States senate, which letter, in full, was set forth as a portion of the entire article printed in the *Herald.*    It may further be added that the article

appearing in the *Herald* on November 18, 1918, was only one of a series of six which appeared successively on November eighteenth, nineteenth, twentieth, twenty-first, twenty-second and twenty-third. The question is whether the defendant can be held responsible for the publication of the portion of the letter complained of. The fact that the defendant composed the letter in question is not disputed. Neither is it disputed that the newspaper article which incorporated the letter was composed by the reporter. The only fact in dispute is whether or not the defendant requested that the letter be published. The plaintiff says in his affidavit that the reporter stated to him that the defendant had made such a request. The reporter denies that he made such a statement. Whether he did or not is immaterial, except on an issue of veracity between him and the plaintiff, and perhaps there is really no such issue, and the plaintiff may have misunderstood what the reporter said. At any rate, the material issue is whether or not the defendant made such a request, and the reporter swears that he did not, and he swears that he did not, and for the purposes of this motion I take it as established that he did not. This does not end the matter, however, but only brings us to the question whether the defendant's acts were tantamount to such a request, or otherwise make him chargeable with the publication. The facts with respect to his participation are set forth in the affidavit of the reporter and in his own affidavit and are as follows: The reporter, before he met the defendant and because of what he had heard regarding Costa Rican affairs, had called the defendant up on the telephone and asked for an interview, which was accorded. The interview related to Costa Rican matters and the defendant showed the reporter certain

12

documents which the reporter told the defendant he would like to use for an article or articles on Costa Rica. The documents were delivered to the reporter, who, after a conference with other persons, wrote the articles which were published. The reporter further states that all documents which he received from the defendant were given to him at his own request for use in obtaining true facts in reference to Costa Rica for the article or series of articles which he proposed to write and that the defendant did not request or suggest, directly or indirectly, that he should publish any part of the alleged libelous statement or any extracts from the material which the defendant furnished. Whatever may be shown as a result of cross-examination upon the trial I have reached the conclusion, although with some hesitation, that, upon the facts set forth in the affidavits, the defendant is not chargeable with the publication complained of. The rule on this point, as set forth in *Schoepflin* v. *Coffey,* 162 N. Y. 12, 17, is as follows: " It is too well settled to be now questioned that one who utters a slander, or prints and publishes a libel, is not responsible for its voluntary and unjustifiable repetition, without his authority or request, by others over whom he has no control and who thereby make themselves liable to the person injured; and that such repetition cannot be considered in law a necessary, natural and probable consequence of the original slander or libel (Newall on Defamation, 245; Moak's Underhill on Torts, 145; *McGregor* v. *Thwaites,* 3 B. & C. 35). The remedy in such a case would be against the party who printed and published the words thus spoken, and not against the one speaking them, as a person is not liable for the independent illegal acts of third persons in publishing matters which may have been uttered by him, unless

they are procured by him to be published, or he performed some act which induced their publication." In that case the complaint alleged that the defendant uttered the slanderous words complained of in the presence of certain newspaper reporters, " and thereby defendant caused said false and defamatory statement to be printed and published." The court held that the facts so set forth were neither sufficient as a matter of pleading nor of proof to charge the defendant with responsibility. I think it must be conceded that the present case sets forth somewhat stronger grounds for holding the defendant responsible than did the case above cited, but nevertheless I think it should be held that the remedy of the plaintiff is against those who printed and published the words complained of, such publication being the independent act of those persons. There is nothing in this case to show that the defendant procured the matter complained of to be published, or performed any act which induced its publication, other than the mere act of giving the information to one known to be a reporter. Aside from the act of furnishing such information there is nothing to show that the defendant did anything to procure or induce the publication complained of. It is true that in the present case the defendant did know of a definite purpose on the part of the reporter to prepare an article or series of articles on affairs in Costa Rica, whereas, in the *Schoepflin* case it does not appear that the defendant had knowledge that the reporters intended to publish what he said. I cannot see that this fact sufficiently distinguishes the two cases, however, because it is the business of newspaper reporters to gather news and to publish information of public or general interest that comes to their ears. Another case somewhat in point is *Gutkes* v. *New York Produce*

*Exchange,* 46 Misc. Rep. 133, where it was sought to hold certain individual defendants who had given information to the New York Produce Exchange responsible for a written notice concerning the plaintiff, which the Produce Exchange had posted on its bulletin board.  The court said: " There is no allegation that they requested or procured the notice to be posted.  If the defendant corporation did it because of what the individual defendants stated to it, that does not make the posting their act, any more than any other action the corporation might have taken on such information would be theirs.  Nor is the publisher of a slander or libel liable for its repetition by another." For the reasons stated I will grant the motion, with ten dollars costs.

Motion granted, with ten dollars costs.