LINCOLN G. VALENTINE, Appellant, *v.* ALFREDO GONZALEZ, Respondent.

First Department, January 16, 1920.

Libel — action charging that defendant caused defamatory matter to be published — order of arrest — affidavits insufficient to authorize vacating of order — affidavit on motion to procure order of arrest not insufficient for failure to have affidavit of reporter of newspaper annexed.

In an action for libel in which it was charged that the defendant caused to be published an article to the effect that plaintiff had conspired to foment a revolution and overthrow the government of Costa Rica, an affidavit upon which, together with the complaint, an order of arrest was obtained to the effect that plaintiff was informed by a reporter for the newspaper in which the alleged libel appeared that the matter was given by the defendant to said reporter with the request that it be published, and also affidavits of said reporter and of the defendant in support of a motion to vacate the order, examined and

*Held*, that it was error to vacate the order of arrest on the ground that defendant had not published or caused to be published the defamatory matter.

The affidavit upon which the order of arrest was procured was not insufficient where it averred that the defendant falsely composed and published the libel, because of the fact that although it was also averred that the information as to the publication was derived from the reporter of the newspaper, the affidavit of the latter was not annexed nor any reason given for not doing so, for the obtaining of such an affidavit would have been impracticable.

APPEAL by the plaintiff, Lincoln G. Valentine, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of November, 1919, vacating and annulling an order of arrest and directing the city chamberlain of the city of New York to pay to the defendant or his attorney the sum of $25,000 deposited by said defendant with the sheriff of the county of New York as a deposit instead of bail fixed by said order of arrest.

*William Rand* of counsel [*Samuel Ecker* with him on the brief; *Jerome, Rand & Kresel,* attorneys], for the appellant.

*James L. Putnam* of counsel [*Charles B. Brophy* with him on the brief], for the respondent.

PHILBIN, J.:

Appeal by plaintiff from an order granting a motion to vacate an order of arrest. The action is for libel and the charge is that on November 18, 1918, the defendant falsely and maliciously composed and published or caused to be published in the New York *Herald* and the New Orleans *Picayune* defamatory matter to the effect that plaintiff had prior to January 27, 1917, conspired with one Tinoco and others to foment a revolution and overthrow the constitutional government of Costa Rica. The learned Special Term vacated the order of arrest upon the ground that the defendant did not publish or cause to be published the alleged defamatory matter (109 Misc. Rep. 175).

The order of arrest was obtained upon the complaint herein and the affidavit of the plaintiff. The order was made October 10, 1919, and fixed bail at $25,000, which was furnished. The complaint sets forth the alleged libel and contains allegations usual in libel actions. The affidavit sets forth the composition and publication of the libel and avers that plaintiff was informed by one Turner, a reporter for the New York *Herald,* in which the alleged libel appeared, that the matter was given by the defendant to Turner with the request that it be published in that newspaper. In support of the motion to vacate the order the affidavits of Turner and the defendant were submitted. The former denied that defendant had requested the publication and made the following statement, after saying he had never met defendant until some days before the publication:

" Mr. Gonzalez gave me an appointment and I called upon him at his apartment in New York and discussed the said rumor and other Costa Rican matters. In the course of the conversation regarding such matters said Gonzalez showed me certain documents. I examined said documents and told Mr. Gonzalez that I should like to use them for an article or articles on Costa Rica. I took some of said documents. A few days later I telephoned Mr. Gonzalez and requested him to deliver the rest of said documents to me, which he did."

The rumor referred to related to the employment of William J. Bryan as counsel for the Costa Rican government by said Tinoco. The affiant then went on to say that after examining the documents and conferring with other persons in reference

to their authenticity he wrote certain articles, one of which appeared in the *Herald* on November 18, 1918, which contained the matter complained of herein. The affiant further averred that the defendant did not request him to publish said article, nor was defendant the author thereof. In a later affidavit Turner more definitely states that defendant did not request or suggest directly or indirectly that he should publish any part of the alleged libelous statement or any extract from the material given him by defendant. The affidavit of defendant denies that he composed and published, or caused to be published in said New York *Herald*, or the other newspaper referred to in the complaint, the said defamatory matter, or that it was published at his request in said newspaper.

We think upon these facts it was error to vacate the order of arrest on the ground that defendant had not published or caused to be published the defamatory matter. The learned Special Term in its opinion relied upon the case of *Schoepflin* v. *Coffey* (162 N. Y. 12). In that case the evidence showed that the defendant orally defamed the plaintiff in the presence of two persons, who were reporters. They thereafter caused the defamatory matter to be printed in various newspapers. The court held that the defendant was not responsible for the voluntary and unjustifiable repetition, without his authority or request by others, over whom he had no control. It cannot be said in the case at bar that the matter complained of was published without defendant's authority. He was told by the reporter that the writings were going to be published in articles to be written by him, and on a second occasion even sent more documents to the reporter in response to the latter's telephone message. The defendant not only knew that he was giving information to a reporter of a newspaper, but was advised before giving it that such information was requested for publication. (*Weston* v. *Weston, No. 2*, 83 App. Div. 520.)

It is urged by the respondent that the order of arrest was properly vacated because the affidavit upon which it was procured was insufficient under section 557 of the Code of Civil Procedure. Attention is called to the fact that while it is averred that the information as to the publication was derived from Turner, the affidavit of the latter is not annexed, nor

any reason given for not doing so. The affidavit, upon which the order was obtained, does not apparently rely only upon Turner as to the publication. In the beginning of the affidavit it is averred that the defendant falsely and maliciously composed and published the libel in the *Herald*, and no reference is made to Turner. The allegation is not of such a nature as to make it obviously impossible that plaintiff personally acquired the knowledge upon which it is based. The reference to Turner occurs toward the close of the affidavit. It is stated that about February, 1919, Turner told plaintiff that defendant was the author of the defamatory matter published on November 18, 1918, and had transmitted it to the *Herald* with the request that it be published. If this part of the affidavit were eliminated, it would still appear that the plaintiff had stated a sufficient cause of action in the affidavit. The complaint, also submitted upon the application for the order, likewise sets forth a cause of action. If an affidavit by Turner had been necessary, it is highly improbable plaintiff could have obtained it. If plaintiff was libeled, Turner's employer, the *Herald*, as well as himself, might be sued. The obtaining of such an affidavit may be safely said to be impracticable.

The conclusion must be reached that the order of arrest should not have been vacated. The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, and the order of arrest reinstated.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, and the order of arrest reinstated.