**CARROLL v. PARAMOUNT PICTURES, Inc.**

District Court, S. D. New York.
April 12, 1943.

Greenbaum, Wolff & Ernst (by Jonas J. Shapiro), of New York City, for plaintiff.

Phillips, Nizer, Benjamin & Krim, of New York City (Louis Nizer, of New York City, of counsel), for defendant.

GODDARD, District Judge.

This is a motion by the defendant for summary judgment dismissing the second cause of action of the complaint pursuant to Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The complaint purports to contain two causes of action: The first, for breach of contract; the second, in tort for libel.

The "second" cause of action alleges that the defendant has released the motion picture "A Night at Earl Carroll's" in this State and elsewhere; that the picture bears the false representation that it was produced by the plaintiff; that the plaintiff has had for many years the reputation of being a professional showman and a producer of plays and motion pictures of superior quality; that the picture is of such inferior quality that it "has held him up to public ridicule and contempt and has greatly injured his reputation for skill and ability as a producer of musical plays and motion pictures and has directly discredited him in the field of professional endeavor in which he earns his livelihood", to his damage.

The answer of the defendant consists of a general denial except that it admits the release and exhibition of the picture; that the plaintiff is named therein as producer; that the plaintiff has been a professional showman and producer of plays and mo-

tion pictures at the times mentioned in the complaint and for several years prior thereto.

Although in the affidavits submitted the parties engage in a controversy and discussion regarding the interpretation, performance and breach of the contract which they entered into, under which defendant claims the plaintiff agreed to and did serve as producer of the picture, there is no allegation relating to the contract in either the second cause of action of the complaint or in the answer to that cause of action. The defendant's answer to the second cause of action contains no affirmative defenses and is limited to denials and admission of the plaintiff's claims. The contract is alleged in the plaintiff's first cause of action but the present motion is not directed to that portion of the complaint.

On May 12, 1942, Judge Leibell of this court decided a motion to dismiss the second alleged claim for relief by denying the motion. In part, he said: "I am of the opinion that these allegations which are deemed admitted on this motion, sufficiently plead a claim or cause of action predicated on libel. The asserted false imputation to plaintiff, a well known producer, of the production of an inferior work that injures his position as a producer in the professional and theatre world, is libelous per se. * * * Defendant may move for summary judgment on supporting affidavits under Rule 56, F.R.C.P. and the court may view the alleged libelous motion picture in order to ascertain whether there is any substance in plaintiff's complaint. Cf. Dellar v. Samuel Goldwyn, Inc., 2 Cir., 104 F.2d 661 * * *".

■ Justification, privilege, waiver, truth or consent, although discussed in great detail in the papers submitted to the court may not be considered as they have not been pleaded as affirmative defenses and are thus not in issue. Rule 8(c), F.R.C.P.; Frederick W. Huber, Inc. v. Pillsbury Flour Mills Co., D.C., 30 F.Supp. 108; Sweeney v. Buffalo Courier Express, Inc., D.C., 35 F.Supp. 446; Buckeye Cotton Oil Co. v. Sloan, 6 Cir., 250 F. 712; Med-A-Dent Co. v. L. D. Caulk Co., D.C., 4 F.2d 126; Verne v. Time, Inc., Sup., 25 N.Y.S.2d 185; Rodger v. American Kennel Club, Inc., 131 Misc. 312, 226 N.Y.S. 451; Gutkes v. New York Produce Exchange, 46 Misc. 133, 93 N.Y.S. 254, affirmed 112 App.Div. 920, 98 N.Y.S. 1103; Fant v. Bennett, 19 N.Y. 173, 176; Fleckenstein v. Friedman, 266 N.Y. 19, 25, 193 N.E. 537; 1 Moore's Federal Practice, Sec. 8.10; 3 Carmody's New York Practice, 1912, 1913 and 2070. Evidence of these defenses would therefore be inadmissible under the present state of pleadings and so is not proper material for consideration in the affidavits presented on the motion, Rule 56(e), F.R.C.P.; Cudahy Packing Co. v. United States, D.C., 37 F.Supp. 563, 569, reversed on other grounds in 7 Cir., 126 F.2d 429.

Judge Leibell's opinion, which is the law of the case, indicates that two questions are left open for consideration on a motion for summary judgment:

1. Whether the picture was such "an inferior work that it injured plaintiff's position as a producer in the professional and theatre world";

2. Whether the plaintiff was in fact the producer or if not, did he consent to being so designated.

But the second question is limited by the scope of the pleadings.

■ The first question presents a genuine issue of material fact which is much disputed. The determination of that question of fact is not within the province of this court upon a motion for summary judgment. It should be left for a plenary trial before a jury. Peck v. Tribune Co., 214 U.S. 185, 190, 29 S.Ct. 554, 53 L.Ed. 960, 16 Ann.Cas. 1075; Morrison v. Smith, 177 N.Y. 366, 69 N.E. 725.

■ Although the court has viewed the motion picture as suggested, neither the opinion of the court as to quality of the picture, nor the adverse reviews by certain professional critics, submitted by plaintiff, should be substituted for the finding by a jury. However, even were this court to deem it proper to pass upon the merits of the picture and, further, to permit matters not now put in issue by the pleadings to be considered in deciding this motion, the relief which the defendant now seeks would nevertheless have to be denied. For there is also the serious question of fact as to whether the plaintiff was in fact the producer of the work, or consented to be designated as the producer. On the one hand, the defendant refers to the terms of the contract of employment, practical necessity in the motion picture industry, and studio customs as evidence that the plaintiff was permitted to be and was the producer in the sense that the term gener-

ally is understood and in the sense that it was understood by the parties. The plaintiff, on the other hand, has set forth many matters in which he was permitted little or no discretion or control and urges that they clearly indicate that the picture as finally produced could in no sense be considered his production, and in his affidavit alleges facts which he contends show that he did not consent to his being designated as the producer. The matter is therefore, even in the most liberal light, not sufficiently free from doubtful questions of fact to warrant summary judgment even if the defendant's defenses, attempted to be raised for the first time by this "speaking" motion, be considered. Rule 56, F.R.C.P.; McElwain v. Wickwire Spencer Steel Co., 2 Cir., 126 F.2d 210, and cases there cited.

Motion denied. Settle order on notice.