Walter E. Hart, J.
By stipulation of the parties, the motion herein is deemed to be an application to dismiss the complaint for insufficiency. Plaintiff heretofore instituted an action in Queens County and the complaint was dismissed for insufficiency with leave to plead over. An amended complaint, the first cause of action of which was in substantially the form of the complaint in the present action, was then served and dismissed with leave to plead over. Plaintiff failed to serve the second amended complaint and the action there stands dismissed but such dismissal is not on the merits. Since this is a new action, the prior determination, while to be considered of great weight, does not constitute the law of the case. An analysis of the allegations of the complaint which, together with the inferences which may be fairly drawn therefrom must be deemed factually established for the purpose of this motion, are as follows:
Plaintiff, a physician, is a married man residing with his wife and two children. Defendant is an attorney at law who represented one Jean Niewieroski (alias Terry Lane, alias Jane MacArthur) who claimed that plaintiff fathered her infant born out of wedlock; on April 1, 1958 defendant caused said Jean Niewieroski to come to his law office and then requested members of the press to take pictures of her with the infant. The complaint alleges: ‘ ‘ 16. Upon information and belief that *478 at the aforementioned time and place, defendant did maliciously publish of and concerning the plaintiff, in the presence of certain members of the press, the following false and defamatory matter: — This is jean niewieroski, and she is holding her three month old son, alan edward. The father of the child is dr. boon storch, who has his office at No. 603 Bedford Avenue, Brooklyn, N. Y. A hearing on this paternity case will be held tomorrow in Special Sessions Court. My client (referring to jean niewieroski) wants Dr. Storch to support the child. (A copy of • the afore-mentioned defamatory matter as it appeared in the ‘New York Mirror’ for Wednesday, April 2, 1958, as a caption to the aforementioned photograph, is annexed hereto as ‘ Exhibit A ’ and made a part hereof.) ” (Exhibit A is not attached to the complaint submitted to the court but it is assumed from this averral that the foregoing statement, in substantially the form set forth, was printed in the New York Mirror.)
Plaintiff then alleges that defendant knew that the statement was untrue. Implicit in this allegation is plaintiff’s assertion that the statement was in fact false. Plaintiff also alleges that he voluntarily submitted to a blood test which negated the claim of paternity and that he was exonerated by the Court of Special Sessions. As a consequence of the defamatory matter, plaintiff alleges he was injured in his reputation, held up to hatred, scorn, contempt and ridicule, his medical practice was damaged due to the loss of patients; that he suffered mental anxiety and physical pain necessitating medical attention.
In dismissing the amended complaint in Queens County, Special Term there stated: “ Plaintiff’s complaint is clearly based upon slander and not upon libel.” The court predicated the dismissal on the theory that the defamation charged was not slander per se and the complaint failed to allege special damages.
I am unable to accept the premise of my learned colleague in Queens and conclude that the complaint alleged a libel rather than a slander (and that perhaps the matter was defamatory per se in that there was imputed to plaintiff the indictable crime of adultery — Prosser, Torts, p. 592).
Established as a fact for the purpose of this motion is the circumstance that defendant requested members of the press to attend his office for the purpose of having the photograph taken and to make the statement charged to him. He therefore knew it would be published in the press and is chargeable with the publication of the printed word. This principle of law is set forth in Newell, Slander and Libel ([4th ed.], § 193, p: 237), viz.: ‘ ‘ Everyone who requests, procures or commands another *479 to publish a libel is answerable as though he published it himself. And such request need not be expressed, but may be inferred from the defendant’s conduct in * * * making a statement to the reporter of a newspaper, with the knowledge that they will be sure to publish it, and without any effort to restrain their so doing. And it is not necessary that defendant’s communication be inserted verbatim, so long as the sense and substance of it appear in print.”
Seelman, in the Law of Libel and Slander (p. 126) expressed the principle as follows: ‘ ‘ All who take part in the procurement, composition and publication of a libel are responsible in law and equally so.” (See, also, 17 Buies Civ. Law, Libel and Slander, par. 138, p. 386.)
Exemplification of this principle in New York cases is found in Valentine v. Gonzales (190 App. Div. 490) and Roberts v. Breckon (31 App. Div. 431). In the latter case defendant defamed plaintiff to one Braman and requested him to communicate the information to the editor of a newspaper which printed the matter. In concluding that the defamation was a libel actionable without special damages rather than a slander, the court stated at pages 433-434 :
“ The learned counsel for the appellant contends that the defendant was not liable for the publication as he did not write it, or dictate it or in terms request its publication, and that the conversation he had with Braman did not warrant it.
“ We cannot assent to this contention. The statement of the defendant to Braman contained the substance of the charge as published. It contained a request, in effect, that information should be given to the public of the facts stated in the conversation. The defendant was the instigator of the publication; the moving cause; he cannot escape responsibility for its direct and legitimate effect.
“ Where a man makes a request to another to publish defamatory matter of which for that purpose he gives him a statement, whether in full or in outline, and the agent publishes that matter, adhering to the sense and substance of it, although the language be to some extent his own, the man making the request is as liable to an action as the publisher. If the law were otherwise, it would in many eases throw a shield over those who are the real authors of libels and who seek to defame others under what would then be the safe shelter of intermediate agents. (Folk. Stark. Sland. &Lib. [4th ed.] § 539.)
“ In Adams v. Kelly (Ry. & Mood. 157) a reporter prepared an article from a conversation with the defendant and inserted it in a newspaper. Abbott, Oh. J., held that what the reporter *480 published in consequence of what passed with the defendant might be considered as published by the defendant. ’5
The rule apparently was applied in Ostrowe v. Lee (256 N. Y. 36) where the Court of Appeals held that an oral statement dictated to a stenographer and transcribed by her for transmittal to plaintiff constituted a libel rather than a slander.
Some further consideration should be afforded to the fact that the defamatory matter received wide dissemination in the public press. This circumstance alone may be considered to determine whether the defamation was a libel if the view expressed by Mr. Justice Fuld in the concurring opinion in Hartmann v. Winchell (296 N. Y. 296), (where a radio broadcast was deemed to be a libel rather than a slander) is adopted. (See, also, Restatement, Torts, § 568, subd. [3].)
The court concludes that the complaint states a cause of action in libel and is sufficient even in the absence of the allegation of special damages. (Prosser, Law of Torts, p. 584.) The circumstance that plaintiff on the argument did not advance the theory of defamtion by libel but urged that the complaint sufficiently states a cause of action in prima facie tort, is not conclusive. If the complaint is sufficient on any theory it may be sustained unless the theory is specifically disclaimed in the complaint. (Gilbert v. Burnside, 6 A D 2d 834.)
Accordingly, the motion is denied.
(Motion for Realignment.)
The complaint in this action charged defendant with a specific verbatim defamatory statement and then alleged ‘ ‘ A copy of the afore-mentioned defamatory matter as it appeared in the New York Mirror for April 22, 1958 * * * is annexed hereto as Exhibit A” (emphasis supplied). The exhibit referred to is not annexed to the complaint.
The defendant on the instant motion to reargue the motion to dismiss the complaint for insufficiency contends that the court had no right to assume, as it did, that the contents of the exhibit were identical with the alleged defamatory oral statement. With this contention the court is constrained to disagree. It is fundamental that on a motion to dismiss for insufficiency the court is required to interpret the allegations of the complaint in their most favorable light and to accord to them every favorable inference. The complaint must allege ultimate facts and the recital of evidentiary matter is surplusage. With these rules in mind it follows that the allegation that the ‘1 defamatory matter as it appeared in the New York Mirror ” meant that it was published verbatim as set forth in the factual *481 allegations immediately preceding. Since the exhibit was evidentiary and surplusage, the failure of plaintiff to annex it was not fatal.
On this motion to reargue plaintiff has submitted the exhibit which he intended to annex to the complaint. This clearly destroys the allegation that the same defamatory matter was published in the newspaper. In fact an examination thereof indicates that it was not defamatory; it merely recites that a paternity proceeding was instituted against plaintiff who denied the charge. Since it is evident that the writing is not libelous, the action may not be maintained on that theory nor upon reflection may it be said that the alleged oral statements constitute slander per se on the theory that plaintiff had been charged by defendant with the crime of adultery, since they do not purport to allege that the adulterous acts were committed in any jurisdiction where the acts are criminal.
The complaint is clearly insuflicient on the theory of prima facie tort, since all that is involved is the alleged publication of defamatory matter and the “ cause of action for defamation is an adequate and the only available remedy ” (Best Window Co. v. Better Business Bur., 2 Misc 2d 55, 58). Moreover, the complaint is insufficient under this theory since special damages are not alleged. The mere allegation that plaintiff lost patients as a result of defendant’s statements, without setting forth in the complaint who these were, is insufficient (Rager v. McCloskey, 305 N. Y. 75, 81; Al Raschid v. News Syndicate Co., 265 N. Y. 1, 5).
Accordingly, the motion for leave to reargue is granted and upon reargument the motion to dismiss for insufficiency is granted, with leave to plaintiff, if so advised, to serve an amended complaint.