**Sherman BILLINGSLEY and Stork Restaurant, Inc., Plaintiffs,**

v.

**TRIANGLE PUBLICATIONS, INC., and Burt Boyar, Defendants.**

United States District Court
S. D. New York.
May 22, 1961.

Saxe, Bacon & O'Shea, New York City, for plaintiffs; Joel S. Stern, New York City, and Stephen Hochhauser, New York City, of counsel.

William B. Jaffe, New York City, for defendants; Dilworth, Paxson, Kalish, Kohn & Dilks, Harold E. Kohn, Louis G. Hill, Philadelphia, Pa., of counsel.

METZNER, District Judge.

This is a libel action based on an article entitled "Stork Club Then and Now", written by the defendant Burt Boyar and published by defendant Triangle Publications, Inc. in its newspaper, "The Philadelphia Inquirer." Defendant Boyar has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for a dismissal of the action as against him on the ground that such action is barred by the statute of limitations.

Defendant has submitted affidavits with his moving papers that show that (a) he was an independent contractor in relation to this article, (b) the article was read by members of the Inquirer's editorial staff no later than August 5, 1959, and (c) the article was published in the Inquirer on August 9, 1959. Plaintiffs brought this action on August 8, 1960. As both Pennsylvania and New York have one-year statutes of limitations on libel actions (12 Pa. Purdon's Stat. § 31 and New York Civil Practice Act, § 52), defendant's position is that the reading of the article by members of the paper's editorial staff constitutes *the* publication by Boyar and any action predicated on this is barred.

Plaintiffs do not raise any question of fact as to (a) (b) and (c) above. In their brief they state that:

"We oppose his motion for summary judgment on the ground that defendant Burt Boyar intended and procured the August 9, 1959 publication and is liable for it. Thus, the suit was timely."

While it is true that any action predicated on Boyar's "publication" to the editorial staff of the Inquirer would be barred, the law indicates that Boyar, as author of an article submitted to the newspaper, knowing and intending that it be published in the Inquirer, is liable for that publication as well. The principle of law is set forth in Newell on Slander and Libel (4th Ed.) § 193, p. 237:

"Everyone who requests, procures or commands another to publish a libel is answerable as though he published it himself. And such request need not be expressed, but may be inferred from the defendant's conduct in sending his manuscript to the editor of a magazine, or making a statement to the reporter of a newspaper, with the knowledge that they will be sure to publish it, and without any effort to restrain their so doing."

New York cases have followed this rule on the sound theory that to do otherwise "would in many cases throw a shield over those who are the real authors of libels, and who seek to defame others under what would then be the safe shelter of intermediate agents." Roberts v. Breckon, 31 App.Div. 431, 52 N.Y.S. 638, 640; Youmans v. Smith, 153 N.Y. 214, 47 N.E. 265; Union Associated Press v. Heath, 49 App.Div. 247, 63 N.Y.S. 96; Valentine v. Gonzalez, 190 App.Div. 490, 179 N.Y.S. 711, and Storch v. Gordon, 23 Misc.2d 477, 197 N.Y.S.2d 309, reversed on other grounds on reargument, 23 Misc.2d 477, 202 N.Y.S.2d 43.

Motion denied. So ordered.