■ WILLIAM D. FUGAZY, Appellant-Respondent, v. TIME, INC., et al., Respondents-Appellants.— Order entered on November 24, 1961 modified, on the law, to strike out the second complete defense in the answer and as thus modified affirmed, without costs. The utilization by the plaintiff of a public controversy and discussion in the press of the controversy for the promotion of boxing matches is not a complete defense to the defamation pleaded in the complaint. It is a sufficient partial defense and would thus be available in the third partial defense set up in the answer. The first complete defense sufficiently pleads the public interest, and the consent and invitation of the plaintiff, to constitute a pleading good on its face (cf. Prosser, Torts [2d ed.], § 95, Public Interest, p. 619, *et seq.*). The three partial defenses are good, because each in establishing good faith would serve to mitigate damages. Concur — Breitel, J. P., Rabin and Bergan, JJ.; McNally and Eager, JJ., dissent in part in the following memoranda by McNally, J.: I dissent and vote to reverse the order and grant the motion, with leave, however, to defendants to serve an amended answer alleging consent as a complete defense. I do not construe the first defense to plead consent. I would also strike the three partial defenses with leave to replead mitigating circumstances. (See *Cheatum* v. *Wehle*, 5 N Y 2d 585; *Crane* v. *New York World Telegram*, 308 N. Y. 470.) In my judgment the partial defenses cannot stand because they incorporate objectionable allegations contained in the two complete defenses. Defamatory statements published in a newspaper even though in good faith are not within the ambit of qualified privilege. (*Bingham* v. *Gaynor*, 203 N. Y. 27, 33.) Some valid purpose is required to be served to invoke a qualified privilege, such as correction of

conduct of public officials or civil service employees or supplying information to a prospective employer. In the instant case the sole apparent purpose of the defendants was the increase of circulation of its magazine by satisfying the curiosity and interest of its readers. Eager, J.: I dissent only insofar as the majority sustains the first complete defense. I would strike this defense as insufficient on its face and give leave to the defendants to replead. I agree, of course, that as a general principle, " the publication of false and defamatory matter of another is absolutely privileged if the other consents thereto " (Restatement, Torts, § 583; see, also, *Teichner* v. *Bellan*, 7 A D 2d 247, 251; *Schoepflin* v. *Coffey*, 162 N. Y. 12, 20). But it does not appear that this first defense is pleaded on any such theory. It is not alleged in so many words that the plaintiff did expressly or impliedly give consent to the publication of the particular libelous matter, including the defamatory statements of D'Amato; nor, in my opinion, are the plaintiff's actions, conduct and statements, as alleged, sufficient to show that he did invite and impliedly consent to this defamation.