Pupi Campo, Respondent, v. Jack Paar, Appellant, et al., Defendants.

First Department, April 23, 1963.

*Edward Labaton* of counsel (*Sidney Kramer* and *Alan E. Bandler* with him on the brief; *Sidney Kramer,* attorney), for appellant.

*Bernard Buchwald* of counsel (*Harry Pimstein* and *Paul Lewin* with him on the brief; *Buchwald, Nadel, Cohen & Hoffman* and *Harry Pimstein,* attorneys), for respondent.

STEUER, J.   Plaintiff has recovered a verdict in an action for slander.  The verdict as rendered by the jury was so contradictory in its terms that it is apparent that the jury had no clear appreciation of the issues involved.  In outline, the facts are: Plaintiff had for a considerable period been a performer on defendant's television shows.  Defendant gave him notice that the employment was about to be terminated.  Plaintiff told a reporter for the *New York Post* that he was being discharged because he was about to marry a young lady who was also a performer on the same show.  The reporter informed his newspaper, and the paper assigned another reporter to interview the defendant to obtain his version of the incident.  It appears that just previous to this happening another television personality had been involved in a similar incident with resulting adverse publicity.  Defendant, knowing he was being interviewed by a reporter, denied that plaintiff was being discharged because of his romantic attachment.  He then stated his reasons, which were, in effect, that plaintiff lacked certain qualities which would fit him to be a performer desirable to the program.  It cannot be disputed that these statements would tend to injure plaintiff in his profession and, so, were slanderous per se.

Plaintiff brought suit against the newspaper and the appellant, his former employer, and the television station on which they appeared. The action against the television station was dismissed. The jury found against both remaining defendants. The court set aside the verdict as against the newspaper and granted judgment to that defendant. The plaintiff does not appeal from either of the rulings in favor of the corporate defendants and consequently both of these defendants are out of the case. The verdict against the remaining defendant, the appellant, was rendered by the jury in these words:

"The Foreman: The jury voted as follows: 1. Slander per se against Mr. Paar: eleven for; one against.

"Slander with malice against Mr. Paar: one for; eleven against.

"Libel per se against the Post: Ten for; two against.

"The Court: Ten for the plaintiff?

"The Foreman: Ten for; two against.

"Libel with malice against the Post: None.

"Monetary compensation: $20,000 total, $15,000 from Mr. Paar; $5,000 from the Post."

It is indisputable that defendant Paar in speaking to the reporter and in uttering the claimed slander was under the protection of a qualified privilege. He was charged by plaintiff with acting pursuant to a motive which experience had shown would, if believed, have created an unfavorable public reaction. He had a right to explain his true motives (Newell, Slander and Libel [4th ed.], p. 545, quoted in *Julian* v. *American Business Consultants*, 2 N Y 2d 1, 9), and in the same forum which the plaintiff had selected (*Collier* v. *Postum Cereal Co.*, 150 App. Div. 169). To the extent that he spoke without malice his utterances were privileged. That means that they were unactionable. It was therefore impossible for the jury to find that he spoke without malice and also to cast him in damages.

The matters about which defendant spoke were largely, though not wholly, matters of opinion. It is some proof of malice to show that the statements of fact were not true to the speaker's knowledge or that the statements purporting to represent his opinion did not in fact reflect his opinion. The latter can be established by contradictory statements or by conduct so inconsistent with that opinion that the jury could find that the expressed opinion was not held by the speaker. The function of the jury in that aspect of the case is to determine whether the words spoken reflect the understanding and belief of the speaker. If they do, he is protected in their utterance; if they do not, and malice can be found, there is no privilege.

All of these propositions are so eminently simple and in accord with generally accepted principles of what is fair that understanding should readily follow enunciation. The difficulty is that words of art are so often employed in defining the rules of defamation that actions for libel and slander have become an arcanum of the law with imagined intricacies producing consequences only to be anticipated by the initiated. The verdict here illustrates this unfortunate situation. Various explanations are given to excuse the inconsistency. It is asserted that what the jury meant to do was to deny an award of punitive damages. Obviously that is not what they reported, and such a conclusion can only be reached by unwarranted speculation. Also, it is urged that the words which indicate the finding should be disregarded as surplusage. In a sense they may be. A verdict has validity only to the extent that it reflects the instructions given in the charge. That validity is presumed. But where the presumption is effectively rebutted by the form of the verdict, it can no longer stand.

The defect in the revealed processes of the jury's findings is not cured by the fact that there was ample evidence upon which the jury might have reached the conclusion that Paar's explanation did not represent an honest exposition of his motives and that the opinions he expressed were not those he entertained. His tolerance of the deficiencies he claims he found in the plaintiff for the length of time he admits is, on the surface, extraordinary; and his professions of personal regard for one who conducted himself as he claims the plaintiff did are difficult to reconcile. Furthermore, the plaintiff's version of a conversation with Paar upon the latter's discovery of plaintiff's statement to the press would, if believed, negate any claim of good faith. While these factors would support a plaintiff's verdict, there is no indication that they did inspire this one.

One of the grounds of appeal that we find that the trial court resolved correctly should be put at rest in the event that the case is retried. At the outset plaintiff sought to amend his complaint to allege a cause of action in libel against this defendant, the libel consisting of the publication of the newspaper article which was the basis of the suit against defendant *New York Post*. The court denied the application as the Statute of Limitations had run against a suit for libel. This ruling was undoubtedly correct. However, the court charged that the defendant was responsible for the consequences of the newspaper article. It is claimed that this is inconsistent. It is not. If it is found that the statements made were not privileged, then, to the extent that the article represents an accurate statement of what defendant said,

he is responsible for the additional circulation given to his words. Anyone giving a statement to a representative of a newspaper authorizing or intending its publication is responsible for any damage caused by the publication (*Valentine* v. *Gonzalez*, 190 App. Div. 490; Gately, Libel and Slander [5th ed.], § 170). We are not unaware of the fact that in the cited case, as well as in all others in which the point has been raised, the pleading was in libel whereas here the pleading is in slander. Nor do we overlook the fact that a pleading of libel is no longer available to plaintiff against this defendant. The distinction here is of no moment. The same authorization which makes defendant responsible for the libel makes him responsible for the additional circulation of the slander. It is true that under the present pleading that extension of the slander is not alleged. Consequently, an amendment would be needed. It is obvious that the amendment could not cause surprise, nor could it prejudice defendant in any legal sense.

The judgment should be reversed on the law and the facts, the verdict vacated and a new trial ordered, with costs to defendant to abide the event.

RABIN, J. P., McNALLY, STEVENS and EAGER, JJ., concur.

Judgment unanimously reversed, on the law and the facts, the verdict vacated and a new trial ordered, with costs to appellant to abide the event.