■ Beth G. Amiel, Respondent, v Michel Amiel, Appellant. [657 NYS2d 763] —In an action for a divorce and ancillary relief, the defendant appeals from a judgment of the Supreme Court, Rockland County (Weiner, J.), dated March 8, 1996, which, *inter alia*, after a nonjury trial, dismissed his counterclaim seeking to set aside the parties' separation agreement.

Ordered that the judgment is affirmed, without costs or disbursements.

The Supreme Court properly dismissed the husband's counterclaim seeking to set aside the parties' separation agreement as the product of fraud and overreaching. The husband expressly acknowledged in the separation agreement that the wife was represented by counsel, that he was unrepresented by counsel, that he fully and completely understood the terms of the agreement, and that all of the agreement's terms were fair, just, and reasonable. Moreover, Article 23 of the separation agreement, entitled "Entire Understanding", states in pertinent part: "EACH OF THE PARTIES REPRESENTS AND WARRANTS THAT THEY HAVE CAREFULLY READ THIS AGREEMENT AND EACH AND EVERY PAGE THEREOF * * * PRIOR TO THE INITIALING OF EACH AND EVERY PAGE * * * AND THE SIGNING THEREOF" (emphasis in original). The record also reveals that prior to the execution of the agreement, the parties met twice with the wife's attorney. The attorney testified that he fairly advised both parties of all relevant issues, including child support; informed the husband that only the wife was being represented by counsel; and notified the husband that he was unrepresented and was entitled to an attorney. While the husband challenged the attorney's testimony, it is well settled that issues of credibility are primarily to be determined by the trier of fact (here, the court), as it had the opportunity to view the witnesses, hear their testimony, and observe their demeanor *(see, Yasparro v Yasparro,* 207 AD2d 445, 446). Inasmuch as we cannot say that the trial court's factual findings are unsupported

by the record, we decline to disturb them on appeal *(see, Levine v Levine,* 56 NY2d 42, 47; *Christian v Christian,* 42 NY2d 63, 73).

The husband's remaining contentions are without merit. Miller, J. P., Ritter, Joy and Krausman, JJ., concur.