■ SALVATORE CIRAMI, Respondent, v MICHAEL TAROMINA et al., Appellants-Respondents, and JOSEPH TIDONA, Respondent. PROVIDENCIA FESHOLD, Nonparty Respondent-Appellant. (Action No. 1.) 142-82 ROCKAWAY BOULEVARD CORP., Respondent-Appellant, v PROVIDENCIA FESHOLD, Defendant and Third-Party Plaintiff-Appellant-Respondent, SALVATORE CIRAMI, Respondent, and MICHAEL TAROMINA et al., Third-Party Defendants-Respondents-Appellants. (Action No. 2.) (And Two Related Actions.) [662 NYS2d 812] —In four related actions which were joined for trial, *inter alia*, for judgments declaring the rights of the parties with respect to the ownership of the outstanding shares of 142-82 Rockaway Boulevard Corp., Providencia Feshold, a defendant third-party plaintiff in Action No. 2, appeals from a judgment of the Supreme Court, Queens County (Posner, J.), dated May 19, 1995, which, after a nonjury trial, dismissed the complaint in Action No. 2 and, in effect, dismissed her third-

party complaint, and the plaintiff and third-party defendants in Action No. 2 cross-appeal from the same judgment. Michael Taromina, Barbara Taromina, and 142-82 Rockaway Boulevard Corp., defendants in Action No. 1, appeal from stated portions of an interlocutory judgment of the same court, dated May 30, 1995, and entered in Action No. 1, which, *inter alia*, directed that the Tarominas "set forth and account for all monies loaned to 142-82 Rockaway Boulevard Corp. * * * and Salvatore Cirami and account for all monies and rents collected on behalf of the corporation and all expenses paid on behalf of the corporation" and appointed a receiver for the corporation, and the nonparty, Providencia Feshold, cross-appeals from stated portions of the same judgment as, in effect, declared that she is not the owner of Lot 1, Section 52, Block 12061, on the Tax Map of the City of New York for the Borough of Queens, and that 142-82 Rockaway Boulevard Corp. is the owner of said property.

Ordered that the cross appeal of Michael Taromina, Barbara Taromina, and 142-82 Rockaway Boulevard Corp. from the judgment dated May 19, 1995, and the appeal by Michael Taromina, Barbara Taromina, and 142-82 Rockaway Boulevard Corp. from the interlocutory judgment dated May 30, 1995, are dismissed as withdrawn, without costs or disbursements; and it is further,

Ordered that the judgment dated May 19, 1995, is modified, on the law, by deleting the provision thereof which dismissed those causes of action in the complaint and third-party complaint which sought a declaration as to the ownership of the property located at Lot 1, Section 52, Block 12061, on the Tax Map of the City of New York for the Borough of Queens, and substituting therefor a provision declaring that the subject property is owned by 142-82 Rockaway Boulevard Corp. and that Providencia Feshold is not the owner of said property; as so modified, the judgment is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the interlocutory judgment dated May 30, 1995, is affirmed insofar as appealed from by Providencia Feshold, without costs or disbursements.

The defendants Michael and Barbara Taromina hold two mortgages on a warehouse owned by 142-82 Rockaway Boulevard Corp. After the corporation defaulted on its mortgage obligations in 1987, its sole shareholder Salvatore Cirami essentially turned over possession and management of the warehouse to Michael Taromina in order to forestall foreclosure. In June 1990, Cirami commenced Action No. 1 against,

*inter alia*, the Tarominas seeking, among other things, a declaration of the parties' respective interests in the corporation and its assets. Four months later, Cirami conveyed the corporation's only unencumbered asset, a vacant lot designated as Lot 1, Section 52, Block 12061, on the Tax Map of the City of New York for the Borough of Queens, located across the street from the warehouse, to his live-in girlfriend, Providencia Feshold. Feshold concedes that she was aware of the fact that Cirami and the Tarominas were engaged in litigation over the ownership of the corporation when the conveyance was made, and, indeed, that the purpose of the transfer was to protect this corporate asset in the event that the Tarominas successfully established their claim that all of the corporation's stock had been transferred to Michael Taromina in 1987.

Contrary to Feshold's contention, under the circumstances of this case, the trial court properly authorized the receiver to take possession of all corporate assets, including the vacant lot conveyed to her. Although a lis pendens was not filed on the subject lot until after the conveyance, it is well settled that "a purchaser of real property is bound by the consequences of a lawsuit of which he has actual knowledge" (*Da Silva v Musso*, 76 NY2d 436, 439). Since Feshold clearly had actual knowledge of the pending litigation involving ownership of the corporation and this real property, she was not a bona fide purchaser, and there is no merit to her assertions that the parcel transferred to her should not be subject to the judgment in Action No. 1 (*see, Da Silva v Musso, supra*).

However, since Feshold is a nonparty in Action No. 1 and the court dismissed the complaint in Action No. 2 without declaring the rights of the parties to the vacant lot, the Supreme Court improperly granted relief as against Feshold in Action No. 1 (*see, Harris v Manhattan & Bronx Surface Tr. Operating Auth.*, 222 AD2d 488). The court should have declared the rights of the parties to the real property instead of dismissing the complaint in Action No. 2 in its entirety (*see, Lanza v Wagner*, 11 NY2d 317, 334, *cert denied* 371 US 901). Therefore, we have modified the judgment in Action No. 2 by declaring the rights of the parties to the subject real property. Since Feshold's rights to the subject property have been declared in Action No. 2, an action in which she is a party, the court's judgment in Action No. 1 insofar as it appointed a receiver for the subject real property may be enforced. Thompson, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.