■ SALVATORE CIRAMI, Appellant-Respondent, v MICHAEL TAROMINA et al., Respondents, and PROVIDENCIA FESHOLD,

Nonparty Respondent-Appellant. (And Three Related Actions.) [662 NYS2d 810] —In four related actions which were joined for trial, *inter alia*, for judgments declaring the rights of the parties with respect to ownership of the outstanding shares of 142-82 Rockaway Boulevard Corp., the plaintiff Salvatore Cirami appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Queens County (Posner, J.), dated October 15, 1996, which, *inter alia*, is in favor of the defendants Michael Taromina and Barbara Taromina and against him in the principal sum of $550,602, and the nonparty, Providencia Feshold, separately appeals from stated portions of the same judgment which, *inter alia*, directed the sale of certain real property known as Lot 1, Section 52, Block 12061, on the Tax Map of the City of New York for the Borough of Queens.

Ordered that the appeal of Providencia Feshold from that portion of the judgment which failed to impose a surcharge on Michael Taromina for his alleged misfeasance is dismissed, as she is not aggrieved thereby (*see*, CPLR 5511); and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that the respondents Michael and Barbara Taromina are awarded one bill of costs.

The plaintiff Salvatore Cirami is the sole shareholder of 142-82 Rockaway Boulevard Corp. At the conclusion of a nonjury trial, the court found that the plaintiff had essentially turned over possession of the corporation's principal asset, a warehouse building, to the defendant Michael Taromina in exchange for Taromina's agreement to forebear commencement of an action to foreclose two mortgages which Taromina and his wife Barbara hold on the premises. In June 1990 the plaintiff commenced this action (hereinafter Action No. 1) against, among others, the Tarominas seeking, *inter alia*, a declaration of the parties' rights to the corporation and its assets. Subsequently, Cirami transferred an unencumbered asset of the corporation, a vacant lot, designated as Lot 1, Section 52, Block 12061, on the Tax Map of the City of New York, Borough of Queens, to his girlfriend the nonparty, Providencia Feshold, in order to protect this asset from the Tarominas. A separate action (hereinafter Action No. 2) was then commenced on behalf of the corporation, *inter alia*, for a judgment declaring that Feshold was not the owner of the subject property and that title remained with the corporation. The trial court then entered an interlocutory judgment in Action No. 1 which

directed, *inter alia*, that Taromina file an accounting for all sums of money he had loaned to the corporation and Cirami personally, and for all rents he had collected and all expenses he had paid on its behalf since July 10, 1987, and directed a receiver to take possession of the corporate assets including the vacant lot allegedly owned by Feshold, after, in effect, declaring that the transfer of that property to her was invalid. Based on the judgment entered in Action No. 1 the Supreme Court dismissed the complaint in Action No. 2. In a related appeal we modified the judgment in Action No. 2 by adding a declaration that the vacant lot was not owned by Feshold and was owned by the corporation (*see, Cirami v Taromina*, 243 AD2d 435 [decided herewith]).

After Taromina submitted his accounting, the plaintiff demanded that he be surcharged for misfeasance, claiming that Taromina had conspired to lease space in the warehouse to his friend Joseph Tidona for a rent substantially below the market rate. Following a hearing, the court rejected the plaintiff's claim, and awarded Michael and Barbara Taromina judgment in the principal sum of $550,602 for all sums loaned or expended by them on behalf of the corporation. The court also directed that the vacant lot and other corporate assets be sold.

On appeal, the plaintiff continues to maintain that Taromina breached his fiduciary duties while entrusted with the management of the warehouse, and that the trial court should thus have imposed a surcharge or barred the Tarominas from recovering the monies they had loaned to the corporation. To the extent that the nonparty Providencia Feshold attempts to raise these same issues on her appeal that portion of her appeal is dismissed. Feshold was never a principal in the corporation and as such she is not aggrieved by any alleged misfeasance by Michael Taromina in the management of the subject warehouse, a corporate asset.

It is well settled that issues of credibility are primarily to be determined by the trier of fact who had the opportunity to view the witnesses, hear their testimony, and observe their demeanor (*see, Amiel v Amiel*, 239 AD2d 532; *Jones v Hart,* 233 AD2d 297). Contrary to the plaintiff's contentions, the Supreme Court's findings that no conspiracy between Taromina and Tidona had been established, and that no surcharge for breach of a fiduciary's duty to act in good faith was warranted, are supported by the record. In this regard, we note that the appellants' assertions of a conspiracy between Taromina and Tidona are belied by evidence that it was the plaintiff Cirami who

originally leased the warehouse to Tidona for the sum of $2,000 per month, and who later introduced this tenant to Taromina. Moreover, the record further reveals that Taromina raised Tidona's rent to $2,500 immediately after taking over management of the warehouse, and that Taromina ultimately raised Tidona's rent to $8,500 per month.

The parties' remaining contentions are without merit. Thompson, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.