■ NEAL DAVID HORRELL, Appellant, v WANDA JEAN BEHRENS HORRELL, Respondent. [900 NYS2d 666]—

In an action for a divorce and ancillary relief and to set aside a separation agreement dated August 17, 2004, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Lubell, J.), entered December 22, 2008, as, upon a decision of the same court entered August 13, 2007, made after a hearing, is in favor of the

defendant and against him incorporating the separation agreement into the judgment.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

As general rule, a party's competence to enter into a binding contract is presumed (*see Preshaz v Przyziazniuk*, 51 AD3d 752 [2008]). The burden of proving incompetence is on the party asserting it (*see Weissman v Weissman*, 42 AD3d 448, 450 [2007]; *Smith v Comas*, 173 AD2d 535 [1991]). To set aside a separation agreement or a stipulation of settlement in a divorce action on the ground of lack of capacity, the party must establish that, at the time of the making of the agreement or stipulation, the party "was suffering from a mental illness or defect which rendered [the party] incapable of comprehending the nature of the transaction or making a rational judgment concerning the transaction, or that by reason of mental illness [the party] was unable to control [his or her] conduct" (*Lukaszuk v Lukaszuk*, 304 AD2d 625, 625 [2003]; *see generally Ortelere v Teachers' Retirement Bd. of City of N.Y.*, 25 NY2d 196, 202-205 [1969]).

Based on the evidence at the hearing, and giving due deference to the Supreme Court's assessment of the witnesses' credibility (*see Amiel v Amiel*, 239 AD2d 532, 533 [1997]; *Smith v Comas*, 173 AD2d at 535-536), the Supreme Court properly determined that the plaintiff failed to demonstrate that the parties' separation agreement should be set aside on the ground that he lacked the requisite mental capacity at the time the agreement was executed. In contrast to the somewhat conclusory testimony of the plaintiff's expert that the plaintiff's bipolar disorder and attention deficit hyperactivity disorder interfered with his ability to make reasoned judgments, the contrary opinion of the defendant's expert was supported by the plaintiff's medical records. As the plaintiff's expert indicated, certain records reflect that, at the time of the execution of the agreement, the plaintiff was suffering from "mild symptoms, but [was] generally functioning pretty well."

The Supreme Court also properly determined that the plaintiff failed to demonstrate that the parties' separation agreement should be set aside on the ground of unconscionability. Viewing the agreement in its entirety, and examining the totality of the circumstances (*see Cantilli v Cantilli*, 40 AD3d 1023, 1024 [2007]), we find that any inequality in the division of marital assets or allocation of marital debt is not "so strong and manifest as to shock the conscience and confound the judgment of any [person] of common sense" (*Christian v Christian*, 42 NY2d 63, 71 [1977] [internal quotation marks omitted]; *see Santini v Robinson*, 68 AD3d 745, 749 [2009]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Covello, Eng and Belen, JJ., concur.