Defendant challenges the legal sufficiency of the evidence supporting his murder conviction. That claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s determinations concerning credibility and its weighing of expert testimony. The evidence supports the inference that defendant shot the deceased in the chest at close range, and that he did so with homicidal intent. Furthermore, defendant failed to prove by a preponderance of the evidence his extreme emotional disturbance defense.
The court properly exercised its discretion (see generally People v Lee, 96 NY2d 157, 162 [2001]) in allowing the medical examiner to express an opinion that the fatal bullet did not pass through an intermediate target, testimony that tended to refute a defense theory. Defendant argues that the witness was essentially testifying as a ballistics expert, without being qualified to do so. However, the opinion at issue did not require expertise in the workings of firearms and ammunition, but in the effect of gunshots on human tissue and the conclusions to be drawn therefrom. The medical examiner’s extensive training and experience qualified her to provide such an opinion (see People v Boozer, 298 AD2d 261 [1st Dept 2002], lv denied 99 NY2d 555 [2002]). Moreover, any error in the admission of such testimony would be harmless given the overwhelming evidence of defendant’s guilt under the murder count (see e.g. People v Sorrentino, 93 AD3d 450 [1st Dept 2012]).
The court also properly exercised its discretion in admitting a *609 tape of a 911 call made during this incident, in which screams are heard. The tape was relevant to corroborate some of the testimony, and it was not so inflammatory that its prejudicial effect exceeded its probative value (see e.g. People v Alvarez, 38 AD3d 930, 932 [3d Dept 2007], lv denied 8 NY3d 981 [2007]).
Defendant’s challenges to the prosecutor’s summation are unpreserved (see People v Romero, 7 NY3d 911, 912 [2006]), and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D’Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
We perceive no basis for reducing the sentence. We have considered and rejected defendant’s legal arguments relating to his sentence, and his claim that the assault count should have been dismissed as a lesser included offense of attempted murder. Concur — Tom, J.E, Andrias, Saxe, DeGrasse and ManzanetDaniels, JJ.