# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**1062**
**CA 12-02061**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, SCONIERS, AND VALENTINO, JJ.

---

JUDY MILLS, PLAINTIFF-RESPONDENT,

V                                                           MEMORANDUM AND ORDER

RICHARD MILLS, DEFENDANT-APPELLANT.

---

RICHARD MILLS, ROMULUS, DEFENDANT-APPELLANT PRO SE.

---

Appeal from an order of the Supreme Court, Genesee County (Robert C. Noonan, A.J.), entered October 10, 2012. The order denied the motion of defendant to vacate a default judgment of divorce.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order denying his motion to vacate a default judgment of divorce. The default judgment was entered in 2002 and, in 2011, defendant first applied for poor person relief in order to file a motion to vacate the default. Upon the denial of the motion for poor person relief, defendant moved pro se seeking, among other relief, leave to reargue that motion and, after the denial of the reargument motion, defendant moved to vacate the default judgment. Contrary to defendant's contention, Supreme Court did not err in denying defendant's motion to vacate the default.

Initially, we note that defendant's contention that the court erred in denying his application for poor person relief is not properly before us. Defendant did not file a notice of appeal with respect to the order that initially denied that application (see CPLR 5513 [a]; *Matter of HSBC Bank USA, NA [Makowski]*, 72 AD3d 1515, 1516-1517; *DiSanto v DiSanto*, 29 AD3d 935, 935). In addition, in a subsequent order, the court denied defendant's motion for leave to reargue his application for poor person relief, and defendant failed to file a notice of appeal with respect to that order. Even if he had filed a notice of appeal, however, it is settled that "[a]n order denying a motion to reargue is not appealable" (*Empire Ins. Co. v Food City*, 167 AD2d 983, 984).

Defendant's further contention that the court was required to appoint a guardian ad litem for him is raised for the first time on appeal and therefore is not properly before us (see *Ciesinski v Town of Aurora*, 202 AD2d 984, 985). We nevertheless review that contention inasmuch as it involves "[a] question of law appearing on the face of the record . . . [that] could not have been avoided by the opposing

party if brought to that party's attention in a timely manner" (*Oram v Capone*, 206 AD2d 839, 840).  We reject defendant's contention, however, and conclude that he failed to establish that the court was required to appoint a guardian ad litem before granting the default judgment (*see generally* CPLR 1201, 1203; *cf. State of New York v Kama*, 267 AD2d 225, 225-226).  To the contrary, even assuming, arguendo, that the evidence submitted by defendant was properly considered by the court (*cf. generally Mohrmann v Lynch-Mohrmann*, 24 AD3d 735, 736), we conclude that the evidence "failed to set forth any professional medical opinion that [he] may have lacked the mental ability to adequately protect [his] rights and interests during the relevant time period" (*id.*).

With respect to defendant's contentions concerning vacatur of the default judgment, it is well settled that "[t]he determination of whether . . . to vacate a default . . . is generally left to the sound discretion of the court" (*Ahmad v Aniolowiski*, 28 AD3d 692, 692; *see Shouse v Lyons*, 265 AD2d 901, 902).  Contrary to defendant's contention, we conclude that the court properly determined "that defendant had actual notice of the default judgment as early as [2004, and unquestionably had notice of it in 2009], thus, [his 2011] motion to vacate the default judgment pursuant to CPLR 5015 (a) (1)—which permits vacatur of a judgment on the ground of excusable default within one year—is . . . untimely" (*State of N.Y. Higher Educ. Servs. Corp. v Sparozic*, 35 AD3d 1069, 1070, *lv denied* 8 NY3d 958).

Entered:  November 8, 2013                          Frances E. Cafarell
                                                    Clerk of the Court