# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**222**
**CA 13-01155**
PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

MICHAEL J. REW, PLAINTIFF-APPELLANT,

V                                           MEMORANDUM AND ORDER

COUNTY OF NIAGARA, NIAGARA COUNTY SHERIFF'S
DEPARTMENT, NIAGARA COUNTY SHERIFF THOMAS
BEILEIN AND NIAGARA COUNTY SHERIFF'S DEPUTY
CORY DIEZ, DEFENDANTS-RESPONDENTS.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (ELIZABETH M. BERGEN OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Niagara County
(Ralph A. Boniello, III, J.), entered November 29, 2012.  The
judgment, insofar as appealed from, granted those parts of the motion
of defendants seeking summary judgment dismissing the first cause of
action insofar as it asserts claims for negligent training and
supervision against defendant Niagara County Sheriff Thomas Beilein
and dismissing the fourth cause of action.

It is hereby ORDERED that the judgment insofar as appealed from
is unanimously reversed on the law without costs, defendants' motion
is denied in part, and the first cause of action insofar as it asserts
claims for negligent training and supervision against defendant
Niagara County Sheriff Thomas Beilein and the fourth cause of action
are reinstated.

Memorandum:  In this action to recover damages for personal
injuries he sustained when he was shot by defendant Niagara County
Sheriff's Deputy Cory Diez (deputy sheriff), plaintiff appeals from an
order granting defendants' motion for summary judgment dismissing the
amended complaint.  As a preliminary matter, we note that the order
from which plaintiff appeals was subsumed in the final judgment, from
which no appeal was taken.  In the exercise of our discretion, we
treat the notice of appeal as valid and deem the appeal as taken from
the judgment (*see Gray v Williams*, 108 AD3d 1085, 1086; *Hughes v
Nussbaumer, Clarke & Velzy*, 140 AD2d 988, 988; *see also* CPLR 5501 [c];
5520 [c]).

Plaintiff contends for the first time on appeal that defendants
failed to meet their initial burden on their motion because their

medical expert was not qualified to render an opinion with respect to the position of plaintiff's body and the path of the bullet in plaintiff's body when plaintiff was shot, and because the expert's affidavit was speculative and conclusory. We nevertheless review those contentions inasmuch as they involve "question[s] of law appearing on the face of the record . . . [that] could not have been avoided by the opposing party if brought to that party's attention in a timely manner" (*Oram v Capone*, 206 AD2d 839, 840; *see Mills v Mills*, 111 AD3d 1306, 1306-1307). Plaintiff's contention is without merit, however, because "the opinion at issue did not require expertise in the workings of firearms and ammunition, but in the effect of gunshots on human tissue and the conclusions to be drawn therefrom. The medical [expert]'s extensive training and experience qualified [him] to provide such an opinion" (*People v Harris*, 99 AD3d 608, 608, *lv denied* 21 NY3d 1004; *see People v Robinson*, 61 AD3d 784, 784, *lv denied* 12 NY3d 920; *People v South*, 47 AD3d 734, 735-736, *lv denied* 17 NY3d 862). We reject plaintiff's further contention that the affidavit of defendants' medical expert was speculative and conclusory (*see generally Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544; *Romano v Stanley*, 90 NY2d 444, 451-452; *Potter v Polozie*, 303 AD2d 943, 944).

Plaintiff's additional contention that defendants failed to attach copies of the evidence upon which their medical expert relied in reaching his opinion is also raised for the first time on appeal. That contention is not properly before us, however, inasmuch as any evidentiary deficiency "could have been obviated or cured by factual showings or legal countersteps" by defendants had plaintiff raised the issue in Supreme Court (*Ring v Jones*, 13 AD3d 1078, 1079 [internal quotation marks omitted]; *see Oram*, 206 AD2d at 840; *see also Innovative Transmission & Engine Co., LLC v Massaro*, 37 AD3d 1199, 1201). We have considered plaintiff's remaining contentions with respect to the affidavit and opinion of defendants' medical expert, and conclude that they are without merit.

We agree, however, with plaintiff's further contention "that the court improperly resolved credibility issues on [the] motion for summary judgment when it determined that the deposition testimony of [plaintiff] was not credible" (*Auble v Doyle*, 38 AD3d 1264, 1265-1266). With respect to the fourth cause of action, against the deputy sheriff, defendants contended that the deputy sheriff's actions were entitled to qualified immunity. "To be entitled to qualified immunity, it must be established that it was objectively reasonable for the police officer involved to believe that his or her conduct was appropriate under the circumstances, or that officers of reasonable competence could disagree as to whether his or her conduct was proper" (*Delgado v City of New York*, 86 AD3d 502, 510). According to plaintiff, the actions of the deputy sheriff who shot him were not objectively reasonable because plaintiff was asleep when the deputy sheriff shot him, and plaintiff testified to that fact several times. The court nevertheless concluded that plaintiff was standing upright when the deputy sheriff shot him, thus implicitly determining that plaintiff's testimony was not credible. "It is not the court's function on a motion for summary judgment to assess credibility"

(*Ferrante v American Lung Assn.*, 90 NY2d 623, 631; *see Givens v Rochester City School Dist.*, 262 AD2d 933, 933).  Inasmuch as plaintiff testified that he was asleep in a chair when the deputy sheriff shot him, he has raised a triable issue of fact whether the deputy sheriff's actions were objectively reasonable, and thus the court erred in granting the motion to that extent.

We agree with the further contention of plaintiff that the court erred in dismissing the first cause of action insofar as it asserts claims for negligent supervision and training against defendant Niagara County Sheriff Thomas Beilein (Sheriff).  "It has been held that a cause of action sounding in negligence is legally sustainable . . . when the injured party demonstrates that he was injured due to the negligent training and supervision of a law enforcement officer" (*Barr v County of Albany*, 50 NY2d 247, 257).  Here, defendants failed to sustain their initial burden of establishing their entitlement to summary judgment dismissing the first cause of action insofar as it asserts claims for negligent training and supervision against the Sheriff because defendants submitted no evidence establishing that the Sheriff was not negligent in training or supervising the deputy sheriff (*see Mendez v City of New York*, 7 AD3d 766, 768; *Beauchamp v City of New York*, 3 AD3d 465, 467).  The court therefore should have denied that part of defendants' motion (*see Martinetti v Town of New Hartford Police Dept.*, 307 AD2d 735, 736), "regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

Entered:  March 28, 2014                    Frances E. Cafarell
                                            Clerk of the Court