SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

476

CA 14-01909

PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

ACCADIA SITE CONTRACTING, INC.,
PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

JEFFREY SKURKA, DEFENDANT-RESPONDENT.

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (JASON G. ULATOWSKI OF COUNSEL), FOR PLAINTIFF-APPELLANT.

WOODS OVIATT GILMAN LLP, ROCHESTER (WILLIAM F. SAVINO OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J., for Joseph R. Glownia, J.), entered February 4, 2014. The order, insofar as appealed from, granted the cross motion of defendant to dismiss the complaint.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the cross motion is denied, and the complaint is reinstated.

Memorandum: Plaintiff was awarded a road construction project by the City of Niagara Falls, and thereafter commenced this defamation action based on statements allegedly made by defendant, the "City Engineer" assigned to oversee the project, to a Niagara Falls news reporter. The statements were subsequently published in the *Niagara Falls Reporter*. The first alleged defamatory statement at issue on this appeal was published as follows: "[Defendant] said the [compaction] test was done wrong, and went so far as to accuse [plaintiff] of rigging the test. He said [plaintiff] 'put the ram hole in the hole and then compacted the soil before they did the test, which would guarantee them test results that would show the soil was compacted regardless of whether it was really compacted or not.' " The second alleged defamatory statement at issue on this appeal was published as follows: "It's pretty clear there is collusion. There is a lot of money at stake here." Plaintiff appeals from an order that, inter alia, granted defendant's cross motion seeking dismissal of the complaint for failure to state a cause of action (*see* CPLR 3211 [a] [7]). We agree with plaintiff that the court erred in granting the cross motion.

"The elements of a cause of action for defamation are a false statement, published without privilege or authorization to a third

party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se" (*D'Amico v Correctional Med. Care, Inc.*, 120 AD3d 956, 962 [internal quotation marks omitted]), and we conclude that the complaint sufficiently alleges those elements and, thus, states a viable cause of action.  We further conclude, contrary to defendant's contention, that the "particular words complained of" were sufficiently set forth in the complaint as required by CPLR 3016 (a) and, in any event, plaintiff attached to the complaint the full *Niagara Falls Reporter* article containing the alleged defamatory statements (*see D'Amico*, 120 AD3d at 963; *cf. Massa Constr., Inc. v George M. Bunk, P.E., P.C.*, 68 AD3d 1725, 1725).  Defendant contends that, because he did not participate in the drafting of the *Niagara Falls Reporter* article, he cannot be held liable for defamation and, thus, the court properly granted his cross motion.  That contention is without merit.  It is well established that "[a]nyone giving a statement to a representative of a newspaper authorizing or intending its publication is responsible for any damage caused by the publication" (*Campo v Paar*, 18 AD2d 364, 368).

Defendant further contends that because the first alleged defamatory statement is not reasonably susceptible of a defamatory connotation, the court properly granted the cross motion with respect to that statement.  We reject that contention.  "In determining the sufficiency of a defamation pleading, we [must] consider 'whether the contested statements are reasonably susceptible of a defamatory connotation' " (*Davis v Boeheim*, 24 NY3d 262, 268), as well as "give the disputed language a fair reading in the context of the publication as a whole" (*Armstrong v Simon & Schuster*, 85 NY2d 373, 380).  Defendant points out that the complaint does not allege that he used the term "rigging," but we conclude that such is inconsequential inasmuch as there is a basis "from which the ordinary reader could draw an inference" from the publication as a whole that defendant was accusing plaintiff of manipulating the compaction test to achieve a certain result (*James v Gannett Co.*, 40 NY2d 415, 420).

We reject defendant's further contention that the second alleged defamatory statement was not directed at plaintiff, but only at third-party defendant Anthony Milone, plaintiff's chief engineer and, thus, that the court properly granted the cross motion with respect to that statement.  Viewing the article as a whole, and granting "every possible favorable inference" to plaintiff (*El Jamal v Weil*, 116 AD3d 732, 733; *see D'Amico*, 120 AD3d at 958), we conclude that the statement referring to "collusion" cannot be isolated from the article as a whole, and must be read to include both Milone and plaintiff (*see Davis*, 24 NY3d at 270).

Entered:  June 12, 2015                    Frances E. Cafarell
                                           Clerk of the Court