■ JODY MONROE, Respondent, v DAVID L. MONROE, Appellant. [16 NYS3d 775]—Appeal from an order of the Supreme Court, Orange County (Debra J. Kiedaish, J.), dated September 2, 2014. The order, insofar as appealed from, denied the defendant's motion to vacate so much of the judgment of divorce of that court entered May 27, 2009, as awarded the plaintiff biweekly durational maintenance in the sum of $1,200, and to direct a new hearing on the issue of spousal maintenance, and granted the plaintiff's cross motion for an award of an attorney's fee.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in

denying that branch of the defendant's motion which was to vacate so much of the judgment of divorce as awarded the plaintiff bi-weekly durational maintenance in the sum of $1,200. The defendant did not show that he was entitled to vacatur of that portion of the judgment of divorce pursuant to any specific provision of CPLR 5015 (a), or in the exercise of the court's inherent discretionary power to vacate its own judgments for sufficient reason and in the interests of substantial justice (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; Katz v Marra, 74 AD3d 888, 890 [2010]; see also Sieger v Sieger, 51 AD3d 1004, 1005 [2008]). Contrary to the defendant's contention, his psychiatrist's recent opinion that he lacked the mental capacity to adequately protect his rights and interests during the divorce proceedings in 2009 was speculative, conclusory, and without any probative value. As a result, the defendant failed to demonstrate with competent admissible medical evidence that he was incapable of protecting his rights during the relevant time period (see Mills v Mills, 111 AD3d 1306, 1307 [2013]; Gonzalez v Cirri, 56 AD3d 425, 425-426 [2008]; Mohrmann v Lynch-Mohrmann, 24 AD3d 735, 736 [2005]).

The Supreme Court also providently exercised its discretion in granting the plaintiff's cross motion for an award of attorneys' fees (see Domestic Relations Law § 237 [a]; DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]; Palumbo v Palumbo, 10 AD3d 680, 682 [2004]).

The defendant's remaining contentions are without merit. Mastro, J.P., Cohen, Maltese and Barros, JJ., concur.