■ ADAM B. LEVY, Respondent, v DONALD B. SMITH, Appellant, et al., Defendants. [18 NYS3d 438]—

In an action, inter alia, to recover damages for defamation, the defendant Donald B. Smith appeals, as limited by his brief, from so much of an order of the Supreme Court, Putnam County (Lubell, J.), dated December 18, 2013, as denied those branches of his motion which were pursuant to CPLR 3211 (a) (7) to dismiss so much of the complaint, insofar as asserted against him, as alleged that his press releases dated March 21, 2013, and March 22, 2013, respectively, the news articles identified at paragraph 83 of the complaint, and his statements identified at subparagraph 85 (6) of the complaint were defamatory.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, who is the District Attorney of Putnam County, commenced this action, inter alia, to recover damages for statements made by the defendant Donald B. Smith (hereinafter the appellant), who is the Sheriff of Putnam County. The plaintiff alleges that the subject statements were defamatory per se. As the basis for the defamation claim, the complaint cites, inter alia, press releases issued by the appellant on March 21, 2013, and March 22, 2013, and various print and online news articles identified at paragraphs 83, 85, and 86 of the complaint. One such article, published by the Putnam County News and Reporter on March 26, 2013, and identified

at subparagraph 85 (6) of the complaint, quotes statements made by the appellant during an "exclusive interview." The other articles identified at paragraphs 83, 85, and 86 of the complaint quote or summarize the appellant's statements in his press releases, or do not include any statements attributed to him.

The appellant moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him. As relevant to this appeal, the Supreme Court denied those branches of the appellant's motion which were to dismiss so much of the complaint, insofar as asserted against him, as alleged that the appellant's press releases dated March 21, 2013, and March 22, 2013, the news articles identified at paragraph 83 of the complaint, and the appellant's statements made during the exclusive interview described at subparagraph 85 (6) of the complaint were defamatory.

The Supreme Court properly denied those branches of the appellant's motion which were pursuant to CPLR 3211 (a) (7) to dismiss so much of the complaint, insofar as asserted against him, as alleged that his press releases dated March 21, 2013, and March 22, 2013, and his statements made during the exclusive interview described at subparagraph 85 (6) of the complaint, were defamatory. Each of these publications contains at least one statement alleged in the complaint to be false, which is reasonably susceptible of a defamatory meaning, and which is either an explicit assertion of fact or, although couched in the language of hypothesis, would be understood by a reasonable reader as an assertion of fact pertaining to the plaintiff (see Gross v New York Times Co., 82 NY2d 146, 154 [1993]; Kotowski v Hadley, 38 AD3d 499, 500 [2007]).

Furthermore, contrary to the appellant's contention, the Supreme Court properly denied that branch of his motion which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the complaint, insofar as asserted against him, as alleged that the news articles identified at paragraph 83 of the complaint were defamatory. Generally, "[o]ne who makes a defamatory statement is not responsible for its recommunication without his authority or request by another over whom he has no control" (Hoffman v Landers, 146 AD2d 744, 747 [1989]; see Geraci v Probst, 15 NY3d 336, 342 [2010]; Schoepflin v Coffey, 162 NY 12, 17 [1900]). Here, however, accepting as true the facts alleged in the complaint, and according the plaintiff the benefit of every favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), the facts alleged in the complaint were

sufficient to permit a reasonable inference that the appellant intended and authorized the republication of the allegedly defamatory content of the press releases in the news articles identified at paragraph 83 of the complaint (*see National Puerto Rican Day Parade, Inc. v Casa Publs., Inc.*, 79 AD3d 592, 594-595 [2010]; *Campo v Paar*, 18 AD2d 364, 368 [1963]; *see also* Restatement [Second] of Torts § 576).

The Supreme Court properly declined to consider the evidentiary material the appellant submitted in support of his motion, since this material was submitted for the first time in his reply papers (*see Kevin Kerveng Tung, P.C. v JP Morgan Chase & Co.*, 105 AD3d 709, 710 [2013]). Leventhal, J.P., Miller, Hinds-Radix and Maltese, JJ., concur.