■ Chris Valsamos, Respondent, v Tina Valsamos, Appellant. [25 NYS3d 253]—

Appeal from an order of the Supreme Court, Suffolk County (John Iliou, J.), entered April 9, 2014. The order denied the defendant's motion, inter alia, to set aside a so-ordered stipulation of settlement dated October 8, 2013, which was incorporated but not merged into a judgment of divorce entered December 13, 2013.

Ordered that the order is affirmed, with costs.

The parties were married in 2000. In 2010, the plaintiff commenced this action for a divorce and ancillary relief. During the trial of this action, the parties entered into a written stipulation of settlement dated October 8, 2013, which they signed and acknowledged in open court, and which was immediately thereafter so-ordered by the court.

Two months later, the defendant moved, among other things, to set aside the stipulation of settlement, which was incorpo-

rated but not merged into a judgment of divorce entered December 13, 2013, on the grounds that she lacked the mental capacity to enter into the stipulation, the terms of the stipulation were unconscionable or in violation of public policy, and the stipulation was invalid because the acknowledgment of her signature was defective.

As a general rule, a party's competence to enter into a binding contract is presumed (*see Horrell v Horrell*, 73 AD3d 979, 980 [2010]; *see Preshaz v Przyziazniuk*, 51 AD3d 752, 752 [2008]). Thus, the burden is on the party asserting incompetence to prove it (*see Horrell v Horrell*, 73 AD3d at 980; *Weissman v Weissman*, 42 AD3d 448, 450 [2007]). To set aside a stipulation of settlement in a divorce action on the ground of lack of capacity, the moving party must establish that "at the time of the making of the . . . stipulation, the party 'was suffering from a mental illness or defect which rendered [the party] incapable of comprehending the nature of the transaction or making a rational judgment concerning the transaction, or that by reason of mental illness [the party] was unable to control [his or her] conduct' " (*Horrell v Horrell*, 73 AD3d at 980, quoting *Lukaszuk v Lukaszuk*, 304 AD2d 625, 625 [2003]). Here, the defendant's self-serving statements and submission of an unsigned letter from a doctor in support of her motion were insufficient to sustain her claim of mental incapacity or warrant a hearing on that issue (*see Monroe v Monroe*, 131 AD3d 1212, 1213 [2015]; *Mohrmann v Lynch-Mohrmann*, 24 AD3d 735, 736 [2005]; *Bergen v Bergen*, 299 AD2d 308, 309 [2002]). The Supreme Court properly declined to consider additional evidence on this issue submitted by the defendant for the first time in her reply papers (*see Levy v Smith*, 132 AD3d 961 [2015]; *Malanga v Chamberlain*, 71 AD3d 644, 646 [2010]).

The defendant's conclusory and unsubstantiated assertions that certain terms of the stipulation were either unconscionable or against public policy were insufficient to warrant setting aside the stipulation of settlement (*see Sabowitz v Sabowitz*, 123 AD3d 794, 796 [2014]; *Lazar v Lazar*, 88 AD3d 852 [2011]). Further, contrary to the defendant's contention, the Supreme Court properly determined that the stipulation should not be set aside on the basis that the acknowledgment of her signature on the stipulation by the plaintiff's counsel was defective (*see* Domestic Relations Law § 236 [B] [3]; *Rio v Rio*, 110 AD3d 1051, 1053-1054 [2013]).

The defendant's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the defendant's motion. Chambers, J.P., Hall, Austin and Barros, JJ., concur.