## Aretakis v Avis

### 2024 NY Slip Op 31989(U)

### June 10, 2024

### Supreme Court, Kings County

### Docket Number: Index No. 483/2023

### Judge: Francois A. Rivera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 52 of
the Supreme Court of the
State of New York, held in
and for the County of Kings,
at the Courthouse, at Civic
Center, Brooklyn, New York,
on the 10th day of June 2024

HONORABLE FRANCOIS A. RIVERA

-----------------------------------------------------------------X

JOHN ARETAKIS,

                                   Plaintiff,

                    - against -

AVIS, AVIS CAR RENTAL, THE AVIS
CORPORATION, AVIS GLOBAL HOLDING INC.,
RENTAL CAR INTERMEDIATE HOLDINGS, INC.

                              Defendants.

-----------------------------------------------------------------X

**DECISION & ORDER**

Index No.: 483/2023

      Recitation in accordance with CPLR 2219 (a) of the papers considered on notice of motion filed on January 24, 2024, under motion sequence number one, by Avis Rent A Car System, LLC, Avis Budget Car Rental, LLC i/s/h/a Avis, Avis Car Rental, The Avis Corporation, Avis Global Holdings, Inc., and Rental Car Intermediate Holdings Inc. (hereinafter the defendants or Avis) for an order pursuant to CPLR 3211 (a) (7) dismissing the complaint of John Aretakis (hereinafter plaintiff). The motion is opposed.

-Notice of motion[1]
-Affirmation in support
      Exhibits A-B
-Affidavit in opposition
-Affirmation in reply
      Exhibits A-G
-Affirmation in reply in further support
-Memorandum of law in reply

---

[1] To the right of the caption of the notice of motion the defendants wrote the following text "Notice of motion to dismiss the complaint *or in the alternative to amend the answer*". Nowhere in the defendants' motion papers is there any mention of a request to amend the answer. Nor did the defendants annex a proposed amended answer. It is therefore disregarded and ignored as an irregularity pursuant to CPLR 2001.

[* 1]

## BACKGROUND

On July 10, 2023, plaintiff, proceeding pro se, commenced the instant action by filing a summons and verified complaint with the Kings County Clerk's office (KCCO). On November 22, 2023, the defendants interposed and filed an answer with the KCCO.

The verified complaint alleges thirty-seven allegations of fact in support of four denominated causes of action. The first cause of action sounds in negligence. The second is denominated as an intentional tort warranting punitive damages. The third is for breach of contract. The fourth is for violation of General Business Law 429[2].

The complaint as supplemented by the plaintiff's affidavit in opposition to the motion alleges the following salient facts. Plaintiff rented a car from Avis for an agreed upon period. Plaintiff returned the car at the end of the agreed upon period. The defendants nevertheless continued to charge the plaintiff for the rental after the car was returned and then accused him of the crime of theft of that same car resulting in the involvement of law enforcement.

## MOTION PAPERS

Avis's motion papers consist of a notice of motion, an affirmation in support, and two annexed exhibits labeled A and B. Exhibit A is described as a copy of the complaint received by Avis. Exhibit B is a copy of Avis's answer.

Plaintiff submitted an affidavit in opposition. Avis submitted a memorandum of law and a further affirmation with seven annexed exhibits labeled A through G in reply.

---

[2] It is apparent that the plaintiff was referring to General Business Law 349 and not 429; the mistake is therefore disregarded as an irregularity pursuant to CPLR 2001.

[* 2]

Exhibit A is described as a list identifying Avis's subsidiaries and affiliates registered in New York. Exhibit B is another copy of the complaint received by Avis. Exhibit C is another copy of Avis's answer. Exhibit D is described as a receipt of the transaction of plaintiff's automobile rental from Avis. Exhibit E is described as correspondence that Avis sent to the plaintiff. Exhibit F is described as a copy of the plaintiff's opposition papers to the instant motion. Exhibit G is described as an NCIC report.

## LAW AND APPLICATION

By notice of motion, filed on January 24, 2024, Avis seeks an order pursuant to CPLR 3211§ (a) (1)[3] and CPLR 3211§ (a) (7) dismissing the complaint. The affirmation in support of Avis's motion was made by Teresa L. Staiano. The affirmation contains four numbered statements stating the following. Staiano is Avis's' counsel. The affirmation is submitted in support of the motion. A copy of the complaint is annexed as exhibit A. A copy of Avis's answer is annexed as exhibit B. Nothing else was submitted with Avis's moving papers.

CPLR 2214 (a) provides that a notice of motion shall "specify the time and place of the hearing on the motion, the supporting papers upon which the motion is based, the relief demanded and the grounds therefor" (*Abizadeh v Abizadeh*, 159 AD3d 856, 857 [2d Dept 2018]).

CPLR 2214 (c) provides, in pertinent part:

---

[3] Neither the notice of motion nor the affirmation in support stated that Avis was seeking dismissal of the complaint pursuant to CPLR 3211 (a) (1). Avis mentions CPLR 3211 (a) (1) for the first time in the affirmation and in the memorandum of law in reply.

[* 3]

"Each party shall furnish to the court all papers served by him. The moving party shall furnish at the hearing all other papers not already in the possession of the court necessary to the consideration of the questions involved. Only papers served in accordance with the provisions of this rule shall be read in support of, or in opposition to, the motion, unless the court for good cause shall otherwise direct."

Contrary to the requirements of CPLR 2214, Avis offered no law, facts, or argument in support of its motion to dismiss the complaint.

### *Dismissal pursuant to CPLR § 3211 (a) (1)*

A motion to dismiss based on CPLR 3211 § (a) (1) may be granted only "where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). For evidence to be considered documentary, it "must be unambiguous and of undisputed authenticity" *(Fontanetta v John Doe 1*, 73 AD3d 78, 86 [2d Dept 2010]). "Judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (*Bedford-Carp Constr., Inc. v Brooklyn Union Gas Co.*, 215 AD3d 907, 908 [2d Dept 2023], quoting *Fontanetta*, 73 AD3d at 84-85).

Here, the affirmation of Avis's counsel does not constitute documentary evidence within the intendment of CPLR 3211 § (a) (1) (*see County of Westchester v Unity Mech. Corp.*, 165 AD3d 883, 885 [2d Dept 2018]). The remaining documents, that is, the pleadings, do not utterly refute the plaintiff's allegations or conclusively establish a

[* 4]

defense as a matter of law (*see 25-01 Newkirk Ave., LLC v Everest Natl. Ins. Co.*, 127 AD3d 850, 851 [2d Dept 2015]).

### *Dismissal pursuant to CPLR § 3211 (a) (7)*

In assessing a motion pursuant to CPLR 3211§ (a) (7) to dismiss a complaint, a court must accept the facts as alleged in the complaint as true, accord the plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Where "evidentiary material is submitted and considered on a motion pursuant to CPLR 3211 (a) (7) and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*Graphic Arts Mut. Ins. Co. v Pine Bush Cent. Sch. Dist.,* 159 AD3d 769, 771 [2d Dept 2018]).

As previously noted, Avis's' moving papers consisted solely of a notice of motion, affirmation of counsel, and a copy of the pleadings. Again, contrary to the requirements of CPLR 2214, Avis presented no law, facts, or argument in support of its motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) or CPLR 3211 (a) (1) (*see Abizadeh v Abizadeh*, 159 AD3d 856, 857 [2d Dept 2018].

Although Avis did submit a further affirmation referencing several annexed documents, that evidence was improperly submitted for the first time in Avis's reply papers (*see Qureshi v Vital Transp., Inc.,* 173 AD3d 1076, 1078 [2d Dept 2019], citing

[* 5]

*Levy v Smith*, 132 AD3d 961, 963 [2d Dept 2015]; *Kevin Kerveng Tung, P.C. v JP Morgan Chase & Co.*, 105 AD3d 709, 710 [2d Dept 2013]). It is therefore disregarded. In any event, the documentary evidence did not utterly refute the plaintiff's factual allegations and conclusively establish a defense to the cause of action asserted in the complaint as a matter of law (*Qureshi v Vital Transportation*, 173 AD3d 1076, 1078 [2d Dept 2019], citing *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]).

## CONCLUSION

The motion by defendants Avis Rent a Car System, LLC, Avis Budget Car Rental, LLC i/s/h/a Avis, Avis Car Rental, The Avis Corporation, Avis Global Holdings, Inc., and Rental Car Intermediate Holdings Inc. for an order pursuant to CPLR 3211 § (a) (1) and CPLR 3211 § (a) (7) dismissing the complaint of John Aretakis is denied.

The foregoing constitutes the decision and order of this Court.

ENTER:

_____
J.S.C.

HON. FRANCOIS A. RIVERA
J.S.C.

[* 6]